W. H. HUGHSTON *v.* ELIZABETH CORNISH ET AL.

1. JUSTICE'S DOCKET. *Copy on appeal. Transcript on execution sale of land.*
   The book styled " a docket," prescribed in Code 1880, § 2193, contains the record of the justice's proceedings, of which, by Code 1880, §§ 2241, 2353, 2357, he is directed to transmit a copy to the circuit clerk on appeal, and of which by § 2211, a certified transcript is required to be recorded with the conveyance of land sold under his execution.

2. SAME. *Contents. Summons. Special deputation.*
   A certified transcript from the chancery clerk's deed-books of the record of the copy of the justice's docket, the execution and return, and sheriff's deed, will support a bill by the purchaser to cancel a fraudulent conveyance of the land, although the justice's summons is not set out and the service was made by a special deputy constable, whose authority is not shown in the docket.

APPEAL from the Chancery Court of Attala County.

Hon. R. W. WILLIAMSON, Chancellor.

The appellant, who obtained judgments before a justice of

the peace, on Feb. 26, 1881, against one of the appellees, and purchased his land under the executions, filed this bill to cancel his conveyance to his wife, the other appellee. Her demurrer was sustained, upon the grounds that the transcripts from the Justice's Court, certified by the chancery clerk and exhibited with the bill, showed neither summonses for the husband nor valid judgments against him. These transcripts were copies of the justice's docket, and the executions and returns certified by the justice, with the certificate of the chancery clerk that they were true copies from the record books of deeds in his office. The docket consisted of the names of the parties, memoranda of the causes of the actions and issuance of summonses, with a full return of service personally by " R. M. Self, S. D. C.," and judgments by default.

*C. L. Anderson* and *J. A. Davis*, for the appellant.

The transcripts from the Justice's Court are sufficient. It is unnecessary for them to contain a copy of the summonses. Code 1880, § 2193, prescribes what the justice's docket shall contain, and § 2211 provides that a transcript of this docket is sufficient to file with the chancery clerk in order to complete the title to land sold under executions from Justice's Courts. The returns are complete, but if they were defective the judgments could not be attacked collaterally. *Harrington* v. *Wofford*, 46 Miss. 31. In ejectment, a purchaser at sheriff's sale need introduce only the judgment and execution. *Starke* v. *Gildart*, 4 How. 267 ; *Carson* v. *Huntington*, 6 S. & M. 111 ; *Kane* v. *Mackin*, 9 S. & M. 387. The legislative intent was only to perpetuate titles to land, and the statute requires such documents to be recorded as are necessary to uphold the sheriff's deed. Code 1880, § 2353, refers to the original process and papers in the case, as things distinct from the record. A transcript of the record means of the docket. In the absence of proof, the presumption is that Self was legally appointed. Code 1880, § 2199 ; *Davany* v. *Koon*, 45 Miss. 71. The record is no place for a special deputation.

*Haden & Dodd*, for the appellees.

Under Code 1880, § 2211, a certified copy of the proceedings must be filed with the chancery clerk for record, or the title acquired under a justice's execution is void. The " pro-

ceedings " constitute all the documents in the case, ending
with a copy of the execution and return. Nothing in this
record shows that summonses ever issued for the defendant.
The entry is merely that a summons issued, without showing
to whom directed or when returnable. Jurisdiction must
affirmatively appear, and cannot be assumed. *Byrd* v. *State*,
1 How. 163. The return is not by the sheriff, but by one
Self, who appears to have no authority. If he was appointed,
the record should disclose it, but, on the contrary, the contin-
gency on which a special deputation could be made appears
not to have arisen in this case. Code 1880, §§ 2198, 2199.

CAMPBELL, J., delivered the opinion of the court.

"Every justice of the peace shall keep a well-bound book,
styled ' a docket,' in which he shall enter " all the proceed-
ings before him in every case. Code 1880, § 2193. That is
the record of a case required to be made by the justice of
the peace ; his " minutes " to serve as a memorial of his pro-
ceedings in cases civil and criminal. It is of this record that
the justice is to transmit a copy to the clerk of the Circuit
Court, when an appeal is taken from his decision. Code, 1880,
§§ 2241, 2353, 2357. It is a certified transcript of this record
of the proceedings that is required by § 2211 to be recorded
with the conveyance of land sold under execution issued by
a justice of the peace. The object is to place on record a
permanent memorial of the judgment and execution, beyond
the danger of loss from the many contingencies incident to the
books and papers of justices of the peace, and also to have on
record at the court-house the evidence constituting a muni-
ment of title to land. The acts of justices of the peace within
their authorized sphere are entitled to full faith and credit.
Their records, made according to law, like other records, im-
port verity. The record by a justice of the peace on his docket
of the issuance and return of process is as much entitled to be
accepted as true, as would a copy of the summons and the
return on it, certified by him.

*Decree reversed, demurrer overruled and cause remanded.*