## FOOTE-PATRICK Co. *v.* MERKLE.

### [77 South. 661, Division A.]

1. EXECUTION. *Sale. Transcript from justice of peace. Filing. Code 1906, section* 3997.

   Code 1906, section 3997 (Hemmingways Code, Section 3004), providing that the title to land sold under execution issued by a justice of the peace shall not be complete in the purchaser until, he shall have obtained from the justice a certified transcript of the proceedings had before him in the suit, etc., which shall be filed with the conveyance made by the officer in the chancery clerk's office, and recorded with the conveyance, applies where the execution was issued by the circuit clerk upon an enrolled judgment rendered by a justice of the peace as well as where the execution was issued by the justice of the peace.

2. SAME.

   The object of this statute is to place on record a permanent memorial of the judgment and execution, beyond the danger of loss from the many contingencies incident to the books and papers of justices of the peace, and also to have on record at the courthouse the evidence constituting a muniment of title to land.

3. SAME.

   The record filed with the circuit clerk in order to obtain the enrollment of a judgment rendered by a justice of the peace does not meet this requirement, being in fact simply a mere abstract of the judgment itself.

APPEAL from the chancery court of Jasper county. HON. G. C. TANN, Chancellor.

Suit by J. B. Merkle against the Foote-Patrick Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

116 Miss.—46

*Shannon & Shauber,* for appellant.

The third proposition relied on by appellee is that appellant did not file for record with the deed made him by the sheriff, a transcript of the judgment of the justice of the peace, and a copy of the execution under which said land was sold. Appellee relies on section 3997 of the Mississippi Code of 1906, which is as follows:

"The title to land sold under execution issued by a justice of the peace shall not be complete in the purchaser until he shall have obtained from the justice a certified transcript of the proceedings had before him in the suit, including a copy of the execution and the officer's return on it, which shall be filed with the conveyance made by the officer in the chancery clerk's office and recorded with the conveyance; and upon filing such transcript and conveyance for record in the chancery clerk's office of the county where the land lies, the title of the purchaser shall be as full and complete as if the sale had been under a judgment and execution from a circuit court."

Our contention is that the code only requires the transcript of the judgment of the justice of the peace and a copy of the execution issued thereon to be filed with the deed in cases where the execution was issued by the justice of the peace. The code specifically states: "The title to land sold under execution issued by the justice of the peace, shall not be complete," etc. At the time this section of the code was adoped, the clerks of the circuit court had no authority to issue an execution on an enrolled judgment of the justice of the peace, but section 3481 of the Annotated Code of Mississippi Code of 1906, for the first time authorizes clerks of circuit courts, in whose office any judgment or decree shall be enrolled, may issue execution writs and writs of garnishment thereon, directed to any lawful officer of his county, returnable before the court which rendered the judgment or decree.

We admit that the cases of *Hughston* v. *Cornish,* decided by this court in April, 1892, and *Dunlap* v. *Fant,* decided by this court in October, 1896, and reported in 74 Miss. 198, seem to support counsel for appellee in his contention. However, we think each of these cases can be distinguished from the case now before the court. In the first place, the execution in neither case was issued by the clerk of the circuit court on an enrolled judgment, as was done in this case. We think the reason for the distinction between these cases and the case at bar is a good and sufficient one.

In the case of *Hughston* v. *Cornish, supra,* Judge CAMPBELL, states the object and purpose of said section 3997, of the Code of 1906, as follows: "The object is to place on record a permanent memorial of the judgment and execution beyond the danger of loss from the many contingencies incident to the books and papers of justice of the peace, and also to have on record at the court house the evidence constituting a muniment of title to land."

We submit that the muniments of title in this case are of record at the court house subject to inspection. In the first place the appellant obtained an abstract of his judgment, and had it filed and enrolled in the office of the clerk of the circuit court of the second district of Jones county, the district and county in which the land lies. The circuit clerk, on issuing the execution under section 696, of the Mississippi Code of 1906, is required to: "Keep a docket, in which he shall enter every *capias pro finem* and all executions issued by him, specifying the names of the parties, the date, the amount of the judgment or decree and of costs, the name of the officer to whom it is delivered, to what county directed, the date when issued, and the return day thereof; and, when the same is returned, shall, without delay, record the return at large on the same page of the docket. And the execution docket shall be kept duly indexed, both

directly and indirectly, in the alphabetical order of the names of each of the parties."

When a sale is made, the sheriff, under section 4680, of the Mississippi Code of 1906, is required to "keep a well bound book, to be called the "Execution Docket," in which he shall note each execution received by him, specifying the names of all the parties, the amount and date of the judgment, the court from which issued and when returnable, the amount of the costs, and date when the same was received, and all levies and other proceedings had thereon; and said book, at the expiration of the office of such sheriff shall be delivered to his successor to be kept by him as a public record."

As heretofore stated, in the cases annotated under the section 3997, the executions were not issued by the circuit clerk, but by the justice of the peace, and under the strict construction of the section it was necessary, in order to make the deed valid, for the purchaser to have obtained from the justice a certified transcript of the proceedings had before him in the suit, including a copy of the execution and the officer's return under it, and file the same with his deed in the office of the clerk of the chancery court of said county.

Since the reason for the rule no longer exists, or at least does not exist where the execution is issued by the circuit clerk, and the sale made by the sheriff, the statute should be, in our opinion, strictly construed, and be confined to executions issued by the justice of the peace.

*C. W. Thigpen,* for appellee.

Does the sale made by the sheriff convey any title by reason of his failure to file a certified transcript of the proceedings had before the justice of the peace? There can be no dispute, as we take it, as to the rule in this case. They agree that no transcript was filed as required by section 3997 of the Code of 1906. The fact

that the judgment was enrolled and the execution was issued by the circuit clerk, cannot avail them anything, for the reason that this was a judgment rendered by the justive of the peace. See *Dunlap* v. *Fant,* 74 Miss. 87; *Beeks* v. *Rye,* 77 Miss. 358. Even though every other contention made by the appellant were conceded, they could not have any standing in the court on account of the failure to file this transcript. It makes their deed void, their deed being void, they have no valid claim whatever to the lands in question.

We submit, that these propositions appear to be so strong in behalf of the appellee, that the case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This suit was instituted by appellee to foreclose a vendor's lien upon certain land sold by him to W. F. Ware and afterwards purchased by Foote-Patrick Company at a sale under execution issued on a judgment rendered by a justice of the peace against Ware. The judgment was enrolled in the office of the circuit clerk, and the execution issued by him returnable to the justice of the peace. No transcript of the proceedings had before the justice of the peace in the suit in which the judgment against Ware was rendered was filed with the deed executed by the sheriff to Foote-Patrick Company pursuant to the sale under execution and enrolled in the office of the chancery clerk. Ware failed to answer, and there was decree *pro confesso* against him; but Foote-Patrick Company filed an answer and cross-bill, resisting enforcement of the vendor's lien for reasons not necessary to be here set out, for the court below, in granting the prayer of the original bill, correctly held that Foote-Patrick Company had acquired no title to the land under the execution sale. Appellant's contention is that section 3997, Code of 1906, Hemingway's Code, section 3004, which provides that:

"The title to land sold under execution issued by a justice of the peace shall not be complete in the purchaser until he shall have obtained from the justice a certified transcript of the proceedings had before him in the suit, including a copy of the execution and the officer's return on it, which shall be filed with the conveyance made by the officer in the chancery clerk's office and recorded with the conveyance," etc., has no application here, for the reason that the execution was not issued by a justice of the peace, but was issued by the circuit clerk upon the enrolled judgment. There is no merit in this contention, for the manifest purpose of the statute is to require the recording of such a transcript, etc., with any deed made pursuant to a sale under execution issued upon a judgment rendered by a justice of the peace. As stated in *Hughston* v. *Cornish,* 59 Miss. 372:

"The object is to place on record a permanent memorial of the judgment and execution, beyond the danger of loss from the many contingencies incident to the books and papers of justices of the peace, and also to have on record at the courthouse the evidence constituting a muniment of title to land."

The record filed with the circuit clerk in order to obtain the enrollment of a judgment rendered by a justice of the peace does not meet this requirement, being in fact simply a mere abstract of the judgment itself.

*Affirmed.*