BROADUS *v*. CALHOUN.*

(Division B. April 20, 1925.)

[103 So. 808. No. 24719.]

1. JUSTICES OF THE PEACE. *Record certified to circuit court on appeal from justice of the peace, including copy of judgment of justice, is competent evidence in circuit court.* ·

The record certified up to the circuit court on appeal from a judgment of a justice of the peace under sections 83, 84, and 85, Code

of 1906 (sections 63, 64, and 65, Hemingway's Code), including
the copy of the judgment of the justice of the peace, is competent
evidence in the circuit court, where relevant, not only in the trial
between the plaintiff and the defendant, but also in the trial be-
tween the plaintiff and the claimant of the personal property
seized by the writ in a proceeding under chapter 282, Laws of
1922.

2. LOGS AND LOGGING. *Evidence as to ownership of lumber on which
lien was claimed held sufficient to go to jury.*
Evidence examined, and *held*, sufficient to go to the jury on the
question whether the property seized by the writ under chapter
282, Laws of 1922, belonged to the defendant or the claimant.

*Headnotes 1.   Justices of Peace, 35 C. J., Section 568; 2. Logging,
38 C. J., Section 229.

APPEAL from circuit court of Lamar county.
HON. J. Q. LANGSTON, Judge.
Action originally begun in the court of a justice of the
peace by Joseph Fillingame & Co. against W. M. Havard.
On death of Joseph Fillingame, A. J. Broadus was ap-
pointed his administrator, and continued case, and from
judgment of justice of peace, Ed Calhoun, claimant of
property levied on, appealed to circuit court, and from
its judgment for claimant, plaintiff appeals.   Reversed
and remanded.

*Garraway & Broadus,* for appellant.

When the plaintiff introduced his judgment which was
done in this case and the writ with the officer's return on
the same showing the value of the lumber siezed, he met
every requirement of the law, except to show by a pre-
ponderance of the evidence that this lumber in ques-
tion was subject to the judgment.   The evidence shows
that the lumber seized was beyond a question manufac-
tured at the mill operated by W. M. Havard.   This is
uncontradicted and must be taken as true (See *Wilson*
v. *Blanton,* 94 So. 214.)
It matters not what kinds of relations, dealings or con-
tracts he might have had with Havard or whether he re-

sided in the same district with him, this being an action *in rem* (*West Point Motor Co.* v. *McGhee*, 122 Miss. 604).

Therefore, we take it that if there is any merit in chapter 282, Laws of 1922, these laborers had a lien ''on all such lumber and timber of their employer for wages'' and we are also sure that it makes no difference if it should yet develop that the claimant was the true owner of the mill all the while that W. M. Havard was trustee for him and as such was running it for him in the name of Havard, the result as to the lumber being subject to the wages of the laborers being the same. We take it that no one would question the fact that plaintiff had such rights as were vested in the laborers, being the assignee of the labor claims and the liens. *Kerr* v. *Moore,* 54 Miss. 286.

## II.

The learned trial judge seems to have sustained motion for a peremptory instruction on the ground that a certified copy of the judgment was not sufficient proof of the same. Learned counsel insisted on this and set it out in his motion and we think in this counsel for appellee was wrong and the court in error. Section 1628, Hemingway's Code.

We think that a justice of the peace is a public officer in this state, made so by the Constitution and the laws of this state and that his judgment docket is a ''public book or record'' and that he is ''custodian'' of the same, authorized to certify a copy of a judgment from his docket, which could have been received in evidence in all cases where the original judgment or a sworn copy would have been evidence.

After examining all of the books at our command and rereading the Constitution and examining the decisions of our supreme court on this subject and other supreme courts on similar statutes and failing to find it we thought that probably the vicarious elements of this statute had

been lost or sacrificed and plunged like Curtius into the chasm of Rome, in some treaty, so we have examined these from ''Dancing Rabbit to the Treaty of Versailles'' and have failed to find it. Therefore we think that coun· sel for appellee is mistaken in the proper construction of this statute. We cannot understand how it could be construed in any other light than that indicated.

We can see how Joan of Arc could have been mistaken in the meaning of the ''heavenly voices'' and how Shy· lock could have been mistaken in the law of Venice and how Orpheus could have been mistaken as to the Statute of Pluto, when, with his harp, he tried to rescue the beautiful Eurydice, but we cannot see how counsel for appellee could mistake this statute to mean anything other than it appears to mean by the plain unambiguous verbiage therein employed.

The Mohammedans claim that when Mohammed ascended to heaven the rock on which he was standing began to ascend with him and that an angel happened to be standing nearby and happened to touch this rock and it stopped in mid-air and is still standing in the air without anything on which to rest, but his disciples have built ladders from the ground to the rock and have festooned this with vines and flowers in such a way that Christian pilgrims find it hard to dispute their claim, but here we have a judgment that rests upon absolutely nothing at all and has nothing under it as a prop or support and its ornamental decorations faded away when the eloquence of counsel for appellee ceased.

Claimant failed in the court below to introduce any evidence, failed to join issue as he was bound to do, being appellant in the court below and there being final judgment on the debt issue and attachment (*White* v. *Roach,* 98 Miss. 309, 53 So. 622; *Benford & Co.* v. *Adams Machine Co.,* 47 So. 429) and the judgment here taken appears to be from the record taken under authority of section 3267 of Hemingway's Code, but is no way in accord with said section. It neither charges that there

was no issue made up and therefore that the plaintiff was in default and that the claimant should be released from his bond and the property from plaintiff's judgment, nor does it find that a writ of inquiry was had as to the value of the property but the judgment seems to indicate from its language that there was evidence taken in open court for the plaintiff and the claimant and that the jury found, on inquiry, that after deducting shipping charges, and dressing charges that there was left in the hands of officers, seventy-two dollars, which is absolutely unwarranted by the record, as there was no evidence introduced by the claimant, in fact nothing introduced by him except a motion.

*E. F. Coleman,* for appellee.

At the conclusion of the testimony of the plaintiff, appellant herein, the claimant, appellee herein, moved the court to grant a peremptory instruction for the reasons that the appellant had failed to prove any judgment whatsoever against the defendant, W. M. Havard, and that he had failed to show unto the court by the preponderance of the evidence that the lumber was the lumber of the said W. M. Havard and was not the lumber of the appellee herein, claimant in the court below, and that he further failed to show that the lumber was subject to the debts of the said W. M. Havard.

It is an elementary principle of law that in the trial of the rights of property on the claimant's issue the burden of proof is upon the plaintiff in execution to prove by the preponderance of the evidence that the thing seized was the property of the defendant and not the property of the claimant. The plaintiff in the execution of seizure attempted to show that the appellee herein was a partner in the business and that he was a partner or had been for a long time. The statement of the attorney for the appellant herein shows that they attempted to prove a partnership between Havard and

appellee herein.  Now if there was a partnership arrangement between Havard and appellee then there should have been a judgment against the claimant, Calhoun, appellee herein.  It is a well-settled principle of law that in order to maintain a valid and binding judgment against partners, both partners must be joined as parties defendant in the cause or suit.  But in the case at bar the only party joined in the cause of action was the defendant Havard, yet they undertake to prove that appellee herein was for a long time a partner in the business.

Appellant says that when the plaintiff introduced the judgment and the returns of the officer that they had met every requirement of the law, except to show by a preponderance of the evidence that this lumber in question was subject to the judgment.  That is one of the reasons that the trial court granted the peremptory instruction, because he, the plaintiff, failed to prove by the preponderance of the evidence that the lumber in question was subject to the judgment.  He never did prove or show that the mill was owned by Havard, and that the lumber manufactured therein was the lumber of Havard.  The only thing he attempted to show was that certain hands worked out there and that they were never paid, but he does not attempt to show that they worked there and were never paid by Havard.

## II.

We now turn to the feature of the judgment and the proof of the judgment in this cause.  When the case came on for hearing in the circuit court the plaintiff there failed to prove that he had a judgment against the defendant Havard, but attempted to prove the same by a certified copy of the judgment sent up by the justice of the peace.  In other words, they just introduced the record sent to the circuit court on appeal from the justice court.  We do not consider that that is any proof of a judgment.  *Blalock* v. *Stevens,* 81 Miss. 711.

139 Miss.—3.

ANDERSON, J., delivered the opinion of the court.

This was a proceeding begun in the court of a justice of the peace of Lamar county by Joseph Fillingame & Co. against W. M. Havard to establish a claim and a lien for its security on certain lumber under chapter 282 of the Laws of 1922. Joseph Fillingame was the sole owner of the business of the plaintiff, and died during the progress of the litigation. Appellant, A. Q. Broadus, was appointed as administrator, and continued the prosecution of the suit on behalf of his estate. Appellee E. J. Calhoun claimed the lumber levied on. There was a trial and judgment in the court of the justice of the peace and an appeal to the circuit court by the claimant, appellee Calhoun; Havard, the defendant, not joining in the appeal. In the circuit court there was a trial *de novo,* and a judgment in favor of appellee Calhoun, the claimant, from which judgment appellant prosecutes this appeal.

As stated, the case was founded upon chapter 282, Laws of 1922, which provides in substance that every employee or laborer for any person, partnership, or corporation engaged in operating a sawmill, planing mill, or in cutting and shipping or rafting timber shall have a lien on all lumber and timber of his employer for his wages due by such employer in preference to all debts due and owing by the owner thereof, such lien to be subject to the rights of purchasers or incumbrances for a valuable consideration without notice thereof except such as purchased after suit begun. The statute provides further that the procedure to enforce the lien shall be the same as provided by the statute for the enforcement of purchase-money liens for the sale of personal property. Sections 3080-3081, Code of 1906 (sections 2337-2438, Hemingway's Code).

At the conclusion of the evidence on motion of appellee all the evidence on behalf of the appellant was excluded and the jury directed to return a verdict for appellee,

which was accordingly done and the judgment appealed from entered thereon. Appellant's motion to exclude was based on two grounds: First, that the certified copy of the record of the judgment of the justice of the peace sent up to the circuit court with the appeal papers was not competent evidence of the existence of the judgment in favor of appellant against the defendant, Havard, which was necessary to be proven in order to proceed against appellee Calhoun, the claimant; second, that the evidence did not tend to show that the lumber seized under the writ against which a lien was sought to be established was the property of appellee, the claimant Calhoun.

Appeals from the courts of justices of the place to the circuit courts are governed so far as procedure is concerned by sections 83, 84, and 85 of the Code of 1906 (sections 63, 64, and 65, Hemingway's Code). The first named section gives the right of appeal, and provides, among other things, "the justice of the peace shall at once make up a transcript, of the record and properly transmit the same to the clerk of the circuit court. The second statute referred to provides the form for the certification of the record up to the circuit court by the justice of the peace. And the third section provides, among other things, that the justice of the peace shall at once transmit to the clerk of the circuit court a "certified copy of the record of the proceedings with all of the original papers and process in the case, and the original appeal bond given by appellant," etc. As a part of appellant's case in the circuit court he introduced the entire record certified up by the justice of the peace, including the judgment obtained against the defendant Havard in the court of the justice of the peace. The judgment as entered on the minutes of the justice of the peace was not introduced. The contention of the appellant is that the original judgment should have been introduced, and that it was not competent to prove the judgment in any other manner. We are of opinion that

the certified copy of the judgment sent up by the justice of the peace was competent evidence; that the original judgment as it appeared on the minutes of the justice of the peace was not required to be produced.   The record certified upon appeal from the court of a justice of the peace to the circuit court, where relevant, is competent evidence in the trial of the cause in the circuit court between the plaintiff and the claimant as well as between the plaintiff and the defendant.

We are of opinion, furthermore, that the evidence offered on behalf of appellant to show that the lumber seized was the property of the defendant W. M. Havard and was not the property of the claimant appellee Calhoun was sufficient to go to the jury on that question. Appellant's evidence tended to show that the lumber seized was manufactured at the mill of the defendant Havard by the laborers, whose claims and rights thereunder were transferred to appellant's intestate; that, if the appellee Calhoun had purchased the lumber, there were circumstances indicating that he was not a *bona-fide* purchaser for value without notice of the laborers' liens thereon.   The question, we think, should have been submitted to the jury.   There was enough evidence to make it an issue of fact for the jury and not a question of law alone for the court.

*Reversed and remanded.*