SALERS v. STATE.[*]

(Division B. March 8, 1926.)

]107 So. 375. No. 24741.]

1. CRIMINAL LAW. On *appeal, transcript of record of proceedings in justice court must be filed in circuit court before latter has right to try case on its merits (Code 1906, section 89 [Hemingway's Code, Section 71]).*

In appeals from a justice of the peace court to a circuit court, the transcript of the record of the proceedings in the justice of the peace court must be filed in the circuit court before that court has a right to try the case on its merits.

2. CRIMINAL LAW. *On showing by record that circuit court did not have jurisdiction because of absence of transcript of proceedings in justice court, but that since trial such transcript has been filed, supreme court must reverse and remand case for new trial (Code 1906, section 89 [Hemingway's Code, section 71]).*

Where the record shows that the circuit court did not have jurisdiction to dispose of the case at the time it tried it on account of the absence of the transcript of the proceedings in the justice of the peace court, but shows that, since the circuit court tried the case, such transcript had been filed, this court cannot finally dispose of the litigation, but must reverse and remand the case for a new trial.

*Corpus Juris-Cyc. References: Criminal Law, 16 C. J., pp. 371, n. 54; 373, n. 8; 374, n. 29, 29 New; 17 C. J., p. 369, n. 22.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

John Salers was convicted of a misdemeanor, and he appeals. Reversed and remanded.

*James T. Crawley,* for appellant.

The record shows affirmatively that the court had no original jurisdiction to try this cause. This record does not contain a transcript of any kind or description from any justice of the peace. It does not contain any record of a trial before a justice of the peace, and shows no appeal bond from a justice of the peace. This being true, the circuit court had no jurisdiction to try said cause at all, for the reason that the circuit court has no original jurisdiction to try a misdemeanor except upon indictment duly returned by a grand jury of the county. *Young* v. *State,* 140 Miss. 165, 105 So. 461.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

The error urged by counsel for the defendant is that the circuit court had no jurisdiction to try this cause, and, therefore, this court has no jurisdiction.

Since the brief of appellant was filed, a writ of *certiorari* was issued at the instance of the attorney-general and in answer thereto the docket entries and the certificate of the justice of the peace before whom the case was tried have been made part of the supreme court record. It is true that the docket entries and the certificate of the justice of the peace were not filed in the circuit court until nearly a year after that term of the circuit court at which the case was tried and the defendant convicted.

We are not unmindful of *Rodgers* v. *City of Hattiesburg*, 55 So. 481, and those cases following it, holding that the question of jurisdiction is a question that may be raised for the first time in the supreme court, so we submit this case to the court.

However, should this court hold that this court has no jurisdiction of the cause, we then become confronted with the question as to the final disposition to be made of it. The record as it now stands shows that there was a trial and conviction in the justice of the peace court of C. P. Hogue, in the second district of Leake county, Mississippi. True it is that this part of the record was not before the circuit court when the defendant was tried there. It is the duty of the appellant, however, to perfect his record on appeal. If he neglects or refuses to perform his duty, he should not be allowed to take advantage of his own negligence. When the criminal docket of Leake county for the November, 1924, term, was sounded and the case of *State of Mississippi* v. *John Salers* was called, the district attorney had the right to ask for, and it would have the duty of the court to dismiss the appeal of John Salers with directions to the justice of the peace court to proceed to enforce its judgment. A convicted criminal should be given no more privileges in this court, than he is entitled to under the law in the circuit court in which he was tried. In the circuit court his appeal should have been dismissed, and if the court here should reverse this cause, such reversal

should not operate to give to give the defendant greater rights than he had in the circuit court.

For these reasons, we submit that should this cause be reversed, a writ of *procedendo* should issue from this court directed to the justice of the peace court of C. P. Hogue, in District No. Two, Leake county, Mississippi, directing him to proceed to enforce the judgment of that court.

Argued orally by *Jas. T. Crawley,* for appellant, and *Rufus Creekmore,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was convicted in a justice court of Leake county of a misdemeanor, fined and sentenced to serve a term in jail, and appealed to the circuit court. The case was tried in the circuit court without a transcript of the proceedings in the justice court being filed in the circuit court. Appellant was again convicted and sentenced to serve a term in jail, and appealed from that judgment to this court. One of the assignments of error is that the court had no jurisdiction to try the case because the transcript of the proceedings in the justice court had not been filed in the circuit court.

The attorney-general caused a *certiorari* to be issued to the clerk below to certify up the transcript of the record from the justice of the peace court to the circuit court. It appears that, when this writ issued, the justice of the peace brought in and filed his transcript of the proceedings before him in the office of the clerk of the circuit court, and the clerk certified a copy of this transcript of the proceedings in the justice of the peace court to this court. This transcript from the justice of the peace court to the circuit court, however, was filed subsequent to the term of the circuit court at which the appellant was tried.

We have decided in a number of cases, beginning with *Hughston* v. *Cornish,* 59 Miss. 372, that the transcript

of the record required to be filed by section 89, Code of 1906 (section 71, Hemingway's Code), was a copy of the justice of the peace docket entries and judgment. It was held in *Ball* v. *Sledge,* 35 So. 214, 82 Miss. 747, that the circuit court had no jurisdiction of an appeal taken from the justice of the peace court, unless the record shows that the judgment was rendered by the justice of the peace and an appeal bond executed. This was again held in the case of *Young* v. *State,* 140 Miss. 165, 105 So. 461.

Therefore the court below did not have jurisdiction to try the case and impose the sentence pronounced. The attorney-general recognized these decisions, and asked us in reversing the judgment to direct a *procedendo* to issue to the justice of the peace to enforce the judgment. While the record shows that the circuit court did not have jurisdiction to dispose of the case at the time it tried it, it also shows that, since the proceedings in the circuit court, the transcript of the record has been properly filed, and consequently we have no power here to dispose of the subject-matter, and it will be necessary to reverse the case and remand it for proper proceedings in the court below.

*Reversed and remanded.*