## COOK *et al. v.* STATE.*

(Division A.   Nov. 29, 1926.)

[110 So. 443.   No. 25926.]

CRIMINAL LAW. *On failure of record to show judgment of justice, certificate, or transcript, circuit court had no jurisdiction of prosecution for assault and battery (Hemingway's Code, sections 64, 71).*
     The circuit court had no jurisdiction of assault and battery prosecution, where record did not disclose judgment of justice of the

. peace or certificate or transcript, as required by Hemingway's Code, sections 64, 71 (Code 1906, sections 84, 89).

*Corpus Juris-Cyc. References: Criminal Law, 16 C. J., p. 373, n. 8.

Appeal from circuit court of Jones county.

Hon. R. S. Hall, Judge.

Mary Jane Cook and others were convicted of assault and battery upon an officer of the law, and they appeal. Reversed and remanded.

*Pack & Pack* and *D. B. Cooley,* for appellants.

This court has held in a number of cases that in an appeal from a justice of the peace court to a circuit court the transcript of the proceedings in the justice of the peace court must be filed in the circuit court before that court has a right to try the case on its merits. *Salers* v. *State,* 107 So. 375; *Ball* v. *Sledge,* 35 So. 214; *Young* v. *State,* 105 So. 461; *Brasham et al.* v. *State,* 106 So. 280; *Rogers* v. *City of Hattiesburg,* 55 So. 481; *Ruff* v. *Montgomery,* 35 So. 465; *Gardner* v. *Railroad Co.,* 29 So. 465; *McPhail* v. *Blann,* 47 So. 666; *City of Greenwood* v. *Weaver,* 50 So. 981; *Allen* v. *State,* 53 So. 498; *Xydias* v. *Pellman,* 83 So. 6201; *Cawthon* v. *State,* 57 So. 224.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

Our court has held numerous times that a transcript of the record of the justice of the peace is essential to the jurisdiction of the circuit court but that since this is a jurisdictional question, it may be raised for the first time in the supreme court.

In the case at bar there appears to be no judgment of the justice court; therefore, this fundamental, essential to the jurisdiction of the circuit court, was absent. We submit this case.

McGowen, J., delivered the opinion of the court.

These defendants were convicted of an assault and battery upon an officer of the law, in the circuit court of the First district of Jones county. From the conviction and sentence of the court they appeal here.

Our record here discloses that only the affidavit of the justice of the peace court, the warrant issued, and the appeal bond were filed with the circuit clerk prior to the time of the trial in the court below. The record here does not disclose any judgment of the justice of the peace, or any certificate or transcript, such as is required by sections 64 and 71, Hemingway's Code (sections 84 and 89, Code of 1906).

This case is ruled by the cases of *Borders* v. *State,* 138 Miss. 788, 104 So. 145; *Young* v. *State,* 140 Miss. 165, 105 So. 461; *Rodgers* v. *City of Hattiesburg,* 99 Miss. 639, 55 So. 481, and many other cases therein cited.

There was no jurisdiction in the circuit court, because of the failure of the justice of the peace to send up a certified copy of the judgment and transcript, as required by the sections of the Code quoted above. The attorney-general so concedes.

*Reversed and remanded.*