## LOTT *v.* WATKINS.

(Division B. Dec. 7, 1931.)

[137 So. 895. No. 29565.]

Rawls & Hathorn, of Columbia, for appellant.

508.

H. M. McIntosh, of Collins, and Geo. R. Nobles, of Jackson, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action against appellant in the court of a justice of the peace of Covington county, to recover the sum of one hundred twelve dollars and seventy-nine cents, which resulted in a judgment in the amount sued for. From that judgment appellant took an appeal to the circuit court, where there was a trial de novo, and a judgment again rendered in appellee's favor for the amount sued for. From that judgment appellant prosecutes this appeal.

The only ground appellant assigns and argues for reversal of the judgment of the circuit court is that the record in the case fails to show that court had jurisdiction because there was not a sufficient transcript of the record of proceedings before the justice of the peace certified up to the circuit court. The record of the proceedings in the circuit court, certified up to this court, shows the following: An itemized sworn account in favor of appellee, and against appellant in the sum of one hundred twelve dollars and seventy-nine cents, sworn to by appellant before G. F. Eaton, a justice of the peace of Covington county. A plea of the general issue by appellant, marked filed by G. F. Eaton, justice of the peace. A judgment by the justice of the peace in favor of appellee against appellant in the sum of one hundred twelve dollars and seventy-nine cents. Following the judgment, there is a certificate by G. F. Eaton, justice of the peace, in this language: "I certify that the above is a true copy of the record as appears on my docket this 4th day of April, 1930." Then follows an appeal bond by appellant from the judgment of the justice of the peace, dated the 14th day of April, 1930, signed by appellant and two

sureties, and marked approved on that date by G. F. Eaton, justice of the peace. It will be noted that the certificate of the justice of the peace of the proceedings in his court shows the judgment; and following that is the appellee's bond.

There is nothing in the record of the proceedings in the circuit court to show that the appellant objected to the record of the proceedings in the justice of the peace court on the ground that they were not properly certified up to that court.

This court, as appellant contends, has held in numerous cases that where a justice of the peace has failed to certify his record up to the circuit court on appeal, the latter court is without jurisdiction to render judgment in the cause, and therefore the Supreme Court is without jurisdiction on appeal. Among the cases so deciding are the following: Andrews v. Wallace, 72 Miss. 291, 16 So. 204; Gardner v. R. Co., 78 Miss. 640, 29 So. 469; Xydias v. Pellman, 121 Miss. 400, 83 So. 620; Burrow v. State, 143 Miss. 221, 108 So. 505; Cook v. State, 144 Miss. 519, 110 So. 443; Gordon v. Sykes, 155 Miss. 705, 125 So. 85. All those cases were decided before the adoption of the last clause of section 3403 of the Code of 1930, first enacted on the adoption of that Code, which is in this language: "And no judgment in any case originating in a justice court, or in a municipal court, and appealed to the circuit court, shall be reversed because it may appear in the Supreme Court transcript that the judgment or record of the said justice or municipal court was not properly certified or was not certified at all, or was missing in whole or in part, unless the record further shows that objection on that account was made in the circuit court, in the absence of which objection in the circuit court there shall be a conclusive presumption that the defects in this clause mentioned did not exist in the circuit court proceedings: Provided however, that the foregoing clause shall not apply to cases wherein a record in the

Supreme Court of the transcript from the justice or municipal court is necessary to a fair understanding of the proceedings in the circuit court.''

The object of the statute was to prevent, so far as possible, delay, cost, and inconvenience in the trial of causes in the circuit court, appealed from the courts of justices of the peace and municipal courts. It will be noted that the statute provides that no judgment of a justice of the peace, or municipal court, appealed to the circuit court, shall be reversed because it may appear in the Supreme Court record that the judgment of the justice of the peace or municipal court was not properly certified, or was not certified at all—was missing in whole or in part—unless the record further shows that *the objection on that account was made in the circuit court;* in the absence of which objection in the circuit court there shall be a conclusive presumption that such defect did not exist in the circuit court proceedings, provided the record in the Supreme Court is sufficient to furnish a fair understanding of the proceedings in the circuit court.

In this case there follows the proceedings in the justice of the peace court, as above set out, a record of the trial of the case in the circuit court, which shows from the testimony of the witnesses and the judgment of the circuit court that it was the same cause as was tried in the court of the justice of the peace. We think there is ample in the record in this court to furnish a fair understanding of the proceedings in the circuit court; and appellant, having failed to object in the circuit court to the record of the proceedings in the justice court, will not be heard to object for the first time in the Supreme Court on appeal. Under the statute there is a conclusive presumption in this court that the defects in the record complained of did not exist in the proceedings in the circuit court.

Affirmed.