## MYRICK *v.* MANSELL.

(Division A.  Nov. 14, 1938.)

[184 So. 447.  No. 33500.]

(Division B.  Jan. 16, 1939.)

[185 So. 581.  No. 33500.]

A. M. Warwick, of Carthage, for appellant.

**D. C. McCool**, of Canton, for appellee.

**McGowen, J.**, delivered the opinion of the court on motion.

The appellant here, Myrick, moves to strike from the record the transcript of the judgment of the justice of the peace, in which court the case originated and was tried, especially the judgment of the justice of the peace and the appeal bond.

The case originated in a court of the justice of the peace and was appealed to the circuit court where the case was tried de novo.

The record here does not show that the judgment of the justice of the peace or any other part of the transcript was offered in evidence, and no part of said transcript was marked by the stenographer as a part of the trial of the case.

It does not appear from an examination of the record that the transcript of the justice of the peace or any part thereof was either competent or relevant to the issue involved in the lower court.

Although the movant here seems to take the position that the transcript of the justice of the peace was a necessary part of the evidence in the case, his position is not maintainable. There are cases where the copy of the judgment of a justice of the peace court on trial of the case on appeal in the circuit court is competent where it is relevant to the issue then on trial and where relevant may be offered without introducing the original judgment of the justice of the peace. Broadus v. Calhoun, 139 Miss. 28, 103 So. 808.

The transcript of the record in the justice of the peace court is properly a part of the record in this court, although not offered in evidence.

Motion overruled.

**McGehee, J.,** delivered the opinion of the court.

The appellant sued for and obtained a judgment against appellee in the sum of $175 in a justice of the peace court. From that judgment the defendant prosecuted an appeal to the circuit court within the time and in the manner provided by law. There the case was tried de novo, and resulted in a verdict for the defendant on the merits. The plaintiff then appeals.

At the conclusion of all of the evidence offered in the circuit court a motion was made by the plaintiff to dismiss the appeal there, and for a writ of procedendo to the justice of the peace court to enforce its judgment, on the ground that the defendant had failed to introduce in evidence the judgment, appeal bond and other proceedings, so as to show that the circuit court had jurisdiction of the appeal. The failure of the circuit court to sustain such motion is the sole ground urged here for a reversal.

In the absence of a plea setting up an affirmative defense, a defendant is not required to prove anything. Moreover, the plaintiff, when announcing ready for trial, during the empaneling of the jury, and the presentation of his evidence, was asserting each step of the way that the circuit court had jurisdiction to determine the cause and render judgment on the issue involved on the appeal. It is true that a litigant cannot waive a question of jurisdiction of the subject matter, but by his course of action he may assert the same, and if the record before us shows, as in the case at bar, that the circuit court did in fact have jurisdiction, it will be sustained. No objection is made to the completeness and regularity of the proceedings on the appeal from the justice of the peace court now disclosed by the record here.

On appeals to the circuit court in criminal cases, the state, on whom the burden of proof rests, is required to prove affirmatively all of the necessary jurisdictional facts, and to this end the transcript of the proceedings

on appeal is introduced in evidence. Likewise, the plaintiff in civil cases in many instances finds it necessary to introduce in evidence the record on appeal when necessary to establish a basis for a recovery, but this is not required of a defendant when not carrying the burden of proof on any issue. At any rate it has already been held by this Court in the case at bar, on a motion to strike from this record the transcript of the proceedings and judgment of the justice of the peace, that such transcript is properly a part of the record in the Supreme Court, although not offered in evidence in the circuit court, Myrick v. Mansell, (Miss.), 184 So. 447, wherein the Court said: "It does not appear from an examination of the record that the transcript of the justice of the peace or any part thereof was either competent or relevant to the issue involved in the lower court."

The cases cited and relied on by the appellant are not in conflict with the foregoing view. Neither the absence of the transcript from the justice of the peace court when the case was tried in the circuit court nor on the record here is shown, and the judgment of the circuit court must be affirmed.

Affirmed.