LEE v. STATE.

(In Banc. April 14, 1941. Suggestion of Error Overruled May 12, 1941.)

[1 So. (2d) 492. No. 34357.]

878

(In Banc.   May 12, 1941.)

[2 So. (2d) 148.   No. 34357.]

Martin & Farr, of Prentiss, for appellant.

A. M. Byrd, Assistant Attorney-General, for appellee.

Argued orally by **G. L. Martin**, for appellant, and by **A. M. Byrd**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

Appellant contends, as one assignment of error, that the Circuit Court had no jurisdiction to try this case upon its merits, because the state failed to produce in evidence, on the trial, the transcript of the record of the proceedings in the justice of the peace court, or any essential part thereof. The contention is not well taken. It is true that on appeals to the Circuit Court from the justice of the peace courts in both civil and criminal cases, it is necessary that a certified transcript of the record of the proceedings in the justice court be filed in the Circuit Court, to confer on the Circuit Court jurisdiction to try the appeal on its merits.

Sections 64, 65, 66 and 67, Code of 1930, modified in certain respects by section 3403, Code 1930; Ball v. Sledge, 82 Miss. 747, 35 So. 214; McPhail v. Blann (Miss. 1908), 47 So. 666; Cawthon v. State, 100 Miss. 834, 57 So. 224; Borders v. State, 138 Miss. 788, 104 So. 145; Young v. State, 140 Miss. 165, 105 So. 461; Salers v.

State, 142 Miss. 88, 107 So. 375; Cook v. State, 144 Miss. 519, 110 So. 443.

But nothing else need be done for the Circuit Court to acquire jurisdiction. It is not necessary to introduce on the trial, as a part of the evidence, the transcript of such record, or any part thereof.

That was the question adjudicated in Myrick v. Mansell, 184 Miss. 701, 184 So. 447, 185 So. 581, which was a civil case, but the same rule applies in criminal cases.

As also stated in that case, the transcript from the justice court, when transmitted and filed in the Circuit Court, becomes a part of the record on appeal to the Supreme Court, although not offered in evidence on the trial in the Circuit Court.

We have duly considered the other assignments of error on this appeal, and we find no reversible error in this record.

Affirmed.

**McGehee, J.**, delivered the opinion of the court on suggestion of error.

In the former opinion, it was held that on appeals to the circuit court from the justice of the peace courts in both civil and criminal cases, it is necessary that a certified transcript of the record of the proceedings in the justice court be filed in the circuit court to confer jurisdiction on the latter to try the appeal on its merits, and that it was not necessary to introduce on the trial as a part of the evidence the transcript of such record or any part thereof. It is again urged on suggestion of error that insofar as a criminal case is concerned, the former opinion is in conflict with the case of Myrick v. Mansell, 184 Miss. 701, 184 So. 447, 185 So. 581, 582, which was a civil case wherein the judge writing the opinion responded to the contention that it was necessary in order to prove jurisdiction that the transcript of the proceedings in the justice court should be introduced on the

trial in the circuit court on appeal, by indulging in the following dictum: "On appeals to the circuit court in criminal cases, the state, on whom the burden of proof rests, is required to prove affirmatively all of the necessary jurisdictional facts, and to this end the transcript of the proceedings on appeal is introduced in evidence," an unnecessary and uncalled for remark, since we did not then have a criminal case before us. If we should now indulge in a refined interpretation of the language above quoted, it may be said that in stating what is required to be done in criminal cases the language refers to the necessity of proving all of the necessary jurisdictional facts, and that the expression that "to this end the transcript of the proceedings . . . is introduced in evidence" was merely a recognition of what is done, and not of what is required to be done. But the truth is that the writer of that opinion was under the impression that in criminal cases the introduction of the transcript was essential, due to the uniform practice on the part of prosecuting attorneys which has prevailed in many of the judicial districts of the state to introduce in evidence the transcript from the justice of the peace court, or at least the affidavit charging the offense on which the accused is being tried, on the theory that such procedure was necessary in order to prove the jurisdiction. But no cases are cited by counsel, and we have been unable to find any, where this Court has ever held that even the affidavit was required to be introduced in evidence on the trial.

It is true that the jury is entitled to know the exact nature of the charge in order that it may be determined whether it is sustained by the proof, but this is likewise true as to an indictment which is never required to be introduced in evidence. The formal written charge is always before the court during the trial, and the jurors are entitled to take it with them upon retiring to consider the verdict in the light of the evidence introduced. Moreover, the accused is entitled to have it read to him before

being put to trial. Neither the indictment nor the affidavit is any evidence of the commission of a crime, and no presumption in favor of jurisdiction is created by either. While the state is required to prove the necessary jurisdictional facts on the trial, the proof of such facts must be established by the evidence and not by the allegation of an indictment or affidavit. It is conceded by counsel for the appellant that it is settled by previous decisions of this Court that the circuit court acquires jurisdiction to try a civil or criminal case as the case may be, which has been appealed from the justice of the peace court, upon the filing of the duly certified transcript of the record with the circuit clerk; and then the burden of proving that the justice of the peace had jurisdiction, and that hence such jurisdiction has been acquired by the circuit court by means of the appeal, is to be met by testimony offered by the state on trial instead of by the mere expedient of introducing an affidavit made by someone who is not even required to be present in the circuit court for cross-examination.

Suggestion of error overruled.