KING, P.J,
for the Court.
¶ 1. Timothy Meeks was originally convicted of DUI First Offense in the justice court of Holmes County, Mississippi. He appealed this conviction to the Holmes County Circuit Court which affirmed the justice court’s conviction in a de novo bench trial. He now appeals that decision to this court. Aggrieved, Meeks assigns the following issues as error:
I. Whether the trial court erred in denying Meeks’ motion for directed verdict.
II. Whether there was probable cause to have Meeks take a breath test.
*1282 III. Whether there was probable cause to require Meeks to blow into the portable breath test.
IV. Whether the trial court erred in allowing evidence of the breath test results without requiring that the State show that the machine was properly calibrated.
V. Whether an Intoxilyzer 5000 reading of .10% is enough to prove Meeks is guilty of Mississippi Code Annotated Section 63-11-30(1) (1972) beyond a reasonable doubt given the margin of error of ± .003% for said machine.
¶ 2. Our analysis of Meeks’ fourth issue results in our reversing and rendering the circuit court’s judgment of Meeks’ conviction of DUI first offense.
FACTS
¶ 3. On May 21, 2000, at approximately 9:55 p.m., Timothy Meeks was driving north on Mississippi Highway 17 while towing a trailer. Trooper Lecarius Oliver of the Mississippi Highway Safety Patrol, traveling south on Mississippi Highway 17, passed Meeks and noticed that the trailer was being towed without working taillights. Trooper Oliver stopped Meeks and asked him to step to the rear of the vehicle. Trooper Oliver informed Meeks that he stopped him because the taillights on the trailer were not working. While talking to Meeks, Trooper Oliver noted the smell of alcohol on Meeks’ breath and asked if he had been drinking. Meeks indicated that he had consumed a few beers.
¶ 4. Trooper Oliver gave Meeks a field sobriety test which consisted of asking him to recite the alphabet, beginning with the letter “G” and ending with the letter “Z.” Trooper Oliver testified that Meeks could not recite the letters requested. Trooper Oliver then conducted a portable breath test. When Meeks failed both tests, Trooper Oliver transported him to the Holmes County Sheriffs Department to give him the Intoxilyzer 5000 test. In route, Trooper Oliver radioed to request that the intoxilyzer be turned on. He testified that he was certified to administer such a test. Before the test, Trooper Oliver advised Meeks of his rights, after which, Meeks chose to take the test.
¶ 5. Trooper Oliver stated that he followed the operational checklist for the in-toxilyzer, provided by the Mississippi Department of Public Safety and checked the calibration log, which indicated the machine was working properly at that time. The results indicated that Meeks had a blood alcohol content of .10.
ISSUE AND ANALYSIS
Whether the trial court erred in allowing evidence of the breath test results without requiring that the State show that the machine was properly calibrated.
¶ 6. Meeks contends that the trial court should not have considered the breath test results without requiring the State to show that the intoxilyzer machine was properly calibrated. Meeks argues that the State did not produce any evidence that the machine was properly certified. He also contends that the court considered the breath test results even though the results were not admitted into evidence.
¶ 7. A chemical analysis of a person’s breath, blood, or urine is deemed valid only when performed according to approved methods, performed by a person certified to do so, and performed on a machine certified to be accurate. McIlwain v. State, 700 So.2d 586(¶ 17) (Miss.1997). Certification of the machines must take place at least quarterly. Miss.Code Ann. § 63-11-19 (Rev.1996).
*1283 ¶ 8. Trooper Oliver testified that he was certified to run the intoxilyzer, but not to calibrate it. He stated that Pat Tribble of the Highway Patrol was responsible for calibration of the machine. In reading the machine log, he noted an entry from Pat Tribble as to machine calibration.
¶ 9. However, this testimony was ineffective to establish proper calibration. Proper calibration of this machine could have been established by the direct testimony of Pat Tribble or introduction of a certified copy of the certificate of calibration, attested to by the custodian of records, consistent with M.R.E. 902. Neither of these was done.
¶ 10. The State suggests that there is no harm in this failure because under Rule 12.02(C)[1] of the Uniform Circuit and County Court Rules, the judge was entitled to rely upon the copies of the certificate and test results included with the file on appeal. Such a reading of this rule appears to be overbroad.
¶ 11. While a copy of the calibration certificate may have been included in the record sent up from the justice court, it was not a part of the official record and was not in evidence, and not entitled to be considered. Johnston v. State, 567 So.2d 237, 238 (Miss.1990).
¶ 12. In Hughston v. Cornish, 59 Miss. 372, 374 (1882), the Mississippi Supreme Court stated:
“Every justice of the peace shall keep a well-bound book, styled ‘a docket/ in which he shall enter” all the proceedings before him in every case. Code 1880, § 2193. That is the record of a case required to be made by the justice of the peace; his “minutes” to serve as a memorial of his proceedings in cases civil and criminal. It is of this record that the justice is to transmit a copy to the clerk of the Circuit Court, when an appeal is taken from his decision.
¶ 13. Appeals from justice court to circuit court are tried de novo, and still require that the State go forward with the burden of proof of beyond a reasonable doubt. Ball v. State, 202 Miss. 405, 406, 32 So.2d 195, 196 (1947). In this case, the State failed in its burden of proof.
¶ 14. The State never offered the breath analysis into evidence. Even had it attempted to do so, there was no evidence that its machine was properly calibrated.
¶ 15. This failure means there was insufficient evidence before the court to convict Meeks of DUI. Accordingly, this Court reverses and renders this conviction.
¶ 16. THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF APPEAL ARE ASSESSED TO HOLMES COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.

. URCCC 12.02(C): Proceedings. Upon the filing of the notice of appeal with the clerk, the prior judgment of conviction shall be stayed by the higher court upon receipt of the bonds required by this rule or excuse therefore.
The appeal shall be a trial de novo. In appeals from justice or municipal court when the maximum possible sentence is six months or less, the case may be tried without a jury at the court's discretion. The record certified to the court on appeal from the lower court is competent evidence. However, no motions may be allowed which deprive the accused of the right to a trial on the merits. Amendments will be liberally allowed so as to bring the merits of a case fairly to trial.