John S. McPhail v. James A. Blaun.

[48 South. 725.]

Justices of the Peace. *Appeal to Circuit Court. Approval of appeal bond. Code* 1906, § 83.

Where it appeared in a suit instituted before a justice of the peace that he was disqualified to preside and the cause was transferred, Code 1906, § 2724, to and decided by another justice of the peace, a bond given to appeal from the judgment to the circuit court, under Code 1906, § 83, providing for such appeals, must be given to and approved by the justice rendering the judgment and not by the justice before whom the suit was begun.

From the circuit court of Leake County.

Hon. James R. Byrd, Judge

McPhail, appellant, was plaintiff in the court below; Blaun, appellee, was defendant there. The suit was begun before a justice of the peace, one Moreland, but, it appearing that Moreland was akin to one of the parties, the cause was transferred, under Code 1906, § 2724, providing for such case, to the justice court of one Gilberton, another justice of the peace of the County. The case was tried before and decided by Gilberton, justice of the peace, in defendant's favor. The plaintiff undertook to appeal from the decision to the circuit court but in so doing presented an appeal bond, not to Gilberton, the justice of the peace who decided the case, but to Moreland, the justice of the peace before whom it was instituted. Moreland received the apeal bond and approved it; Gilberton in no way acting in the matter.

When the case reached the circuit court the appeal was dismissed on defendant's motion and the plaintiff appealed to the supreme court.

[Plaintiff encountered a previous difficulty with his appeal

and the supreme court dismissed it for irregularity in the transcript, but the order dismissing it was thereafter vacated.　See *McPhail v. Blaun,* 47 South. 666, not officially reported.]

*W. A. Ellis, J. M. Scott* and *Pressly Groves,* for appellant.

The approval of the appeal bond by Moreland, J. P., was the approval of the bond by Gilberton, J. P.　This was the intention of all the parties and said justice of the peace.　The record is plain on this point.　Gilberton was a very ignorant justice of the peace and he was very much indisposed that day and did not feel like doing anything.　It is very doubtful if Gilberton knew how to approve the bond and he simply relied on Moreland to fix it according to law.　This was not delegating authority.　We know there is no such thing as a deputy justice of the peace.　Moreland was not a stranger there without leave, law or license, but actually sat on the bench with Gilberton and practically swore the witnesses, parties, and jurors and advised with Gilberton in the progress of the case.　Gilberton invited him to sit.　McPhail made no objection to Moreland on account of kinship by marriage with Blaun on this occasion.　The authority of Moreland did not end with the adjournment of the court, but extended to the complete perfection and approval of the said appeal bond.　He exercised judicial functions from start to finish.　We respectfully submit that litigants ought not to be denied their rights on account of the acts of ignorant or careless justices of the peace.　*Winner v. Williams,* 82 Miss. 669, 35 South. 308.

*McMillon & Howard,* for appellee.

Notwithstanding his relationship to Blaun, Moreland, J. P., was authorized under the law to file this suit and issue the necessary process etc.　He was authorized to make the process returnable before him at the next term of his court but he was not authorized to try the case.　When he transferred the case to Gilberton, J. P., it passed entirely out of his jurisdiction and there was no law whereby he could have again acquired jurisdiction of the case for any purpose.　Code 1906, § 2724.

The proof shows, and the lower court found, that this case, was tried before Gilberton, J. P., alone and that Justice Moreland took no part in the trial of the case. The supreme court will not disturb the findings of a circuit judge on disputed questions of fact on the hearing of a motion to dismiss an appeal from a justice court. *Winner v. Williams,* 82 Miss. 669, 35 South. 308.

Fletcher, J., delivered the opinion of the court.

The sole question here for decision is as to the power of Justice Moreland to approve an appeal bond in a case tried by another justice. Section 83 of the Code of 1906, as construed many times by this court, makes it necessary to the validity of an appeal from a justice's court that the appeal bond shall be presented to and approved by the justice who tried the case within five days after the rendition of the adjudgment. This rule is recognized by the appellant, who insists that he is absolved from its operation by reason of the fact that the case was begun before Moreland, and that Moreland in fact sat as part of the court on the trial. But Moreland, upon suggestion of his disqualification by reason of kinship, had, as provided by law in such cases, transferred the cause, and the circuit judge found as a fact that he did not further participate as a justice in the trial. We cannot overthrow this finding on the showing made by this record.

The appeal was properly dismissed, and the judgment is *affirmed.*