## JACK RODGERS *v.* CITY OF HATTIESBURG.

[55 South. 481.]

1. CRIMINAL LAW. *Appeal. Certification of record. Code* 1906, *sections* 84 *and* 85. *Supreme court jurisdiction.*

Under Code 1906, sections 84 and 85, on appeal to the circuit court the copy of the record of proceedings before a police justice must be certified to by the police justice and not the city clerk.

2. CIRCUIT COURT. *Supreme court. Want of jurisdiction.*

Where on appeal from a police justice court to the circuit court the record of proceedings before the police justice was not certified to by the police justice, the circuit court was without jurisdiction of the appeal, and on a further appeal to the supreme court that court was without jurisdiction of such appeal.

3. SAME.

The want of such a certified copy is not a defect which can be waived or cured. It is jurisdictional and the question may be raised for the first time in the supreme court.

4. Same.

> The proper order in the supreme court in such case is to reverse and remand the case with direction to the circuit court to dismiss the appeal to that court and award a writ of *procedendo* to the court of the police justice to enforce the judgment of his court unless the appellant shall perfect the record of proceeding from such police court.

Appeal from the circuit court of Forrest county.

Hon. Paul B. Johnson, Judge.

Jack Rodgers was convicted of violating an ordinance of the City of Hattiesburg and appeals.

The facts are fully stated in the opinion of the court.

*Currie & Currie,* for appellant.

This court has but one thing to do in this case and that is to declare the judgment appealed from null and void on the ground that the record of the police justice court is not certified in the manner required by section 86 of the Code of 1906. This requirement is jurisdictional and without it the circuit court is absolutely without authority to try the case. Section 86, Code 1906.

We cite the case of *McPhail* v. *Blann,* 47 So. Rep. 666, in which the court uses this language, ''the proceedings in the justice's court are not certified in the manner provided by law.''

We cite the case of *City of Greenwood* v. *Weaver,* 50 So. Rep. 981.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

This case was tried in the circuit court on an appeal from the justice court. The bare record is before the court now. No stenographer's notes seem to have been preserved. Counsel relies for reversal on the fact that the city clerk, instead of the police justice, certified the record up to the circuit clerk and cites the *Weaver case,*

50 So. 981, that has since been affirmed; and the *Lula Allen case,* 53 So. 498.

The record in the instant case shows that timely objection was not interposed. Counsel had an opportunity to object to the record, but failed to do so. He went to trial, and after conviction, for the first time, in the supreme court, he raised the question. This same matter was thrashed out in two other cases recently decided by this court without written opinion. *Casper Vahle* v. *Gulfport,* 53 So. 586, and *Barreyt* v. *City of Hattiesburg,* 54 So. 317.

Our court has held, in the case of *Calhoun* v. *State,* 86 Miss., quoting from the syllabus:

"A defendant who has been tried and convicted of a misdemeanor in the circuit court, on his appeal from the judgment of justice of the peace, cannot complain of the absence of a duly certified copy of the proceedings of the justice of the peace, if there be on file in the circuit court the affidavit on which he was tried, a copy of the judgment of the justice of the peace convicting him, and his appeal bond."

Judge Houston, at the bottom of page 555 said:

"While, technically, the justice of the peace should have certified to his docket entries and judgment, still, it appearing from this record that a copy of said entries and judgment, as well as the affidavit, and appeal bond, was filed in the circuit clerk's office, and that no action was taken by defendant to perfect her own appeal, and no objection of any kind made to this record, either by her or the state, until after the defendant had taken the "chance of success by going to trial," we think it too late for defendant, after conviction, to raise this objection to the record, which under the circumstances, does not, in our opinion, go to the very essence of jurisdiction," citing *Coleman* v. *Gordon,* 16 So. 340.

The record in the instant case contains the judgment and the affidavit in the police court, which is sufficient

to rest a conviction upon. The appellant should have moved to strike the record from the file, because not certified to by the police justice. Not having done so, he waived all irregularities, and cannot now take advantage of them.

Anderson, J., delivered the opinion of the court.

The appellant, Rodgers, was convicted before the police justice of the city of Hattiesburg, under an ordinance of said city, of the unlawful sale of intoxicating liquors, and appealed to the circuit court, where he was again convicted and prosecutes an appeal to this court.

On the appeal to the circuit court, the copy of the record of proceedings before the police justice was certified to by the city clerk, and not by the police justice. Sections 84 and 85, Code of 1906, as construed in *City of Greenwood* v. *Weaver*, 50 South. 98, and *Allen* v. *State*, 53 South. 498, required this certificate to be made by the police justice.

There was no motion made in the court below by appellant, or other steps taken, to have the police justice to properly authenticate the record of proceedings in his court; nor was there any motion made by the appellee to dismiss the appeal, on the ground that the police justice had not certified to such record. It is contended by the appellant for the first time on this appeal, that, because of the absence of a properly authenticated record of the proceedings before the police justice, the circuit court was without jurisdiction, and therefore this court is without jurisdiction of this appeal, and it follows that the judgment of the court below must be reversed. While it is contended on behalf of the appellee that, by failing to make the objection in the court below, the appellant is precluded from making it in this court, and to sustain this position it relies on the case of *Calhoun* v. *State*, 86 Miss. 553, 38 South. 660, which so holds. In *Ruff* v. *Montgomery*, 83 Miss. 184, 35 South. 465; *Ball* v. *Sledge*,

82 Miss. 747, 35 South. 214; *Gardner* v. *Railroad Co.*, 78 Miss. 640, 29 South. 469; *McPhail* v. *Blann,* 47 South. 666, and *City of Greenwood* v. *Weaver* and *Allen* v. *State, supra,* it was held that, in appeals from the courts of justices of the peace and police justices, a certified copy of the record of proceedings in such courts were indispensable to the jurisdiction of the circuit court. In *McPhail* v. *Blann, supra,* the supreme court dismissed the appeal of its own motion, because of the absence of a properly certified copy of the proceedings before the justice of the peace.

The want of such a certified copy is not a defect which may be cured or waived. It is jurisdictional. Without it, the circuit court cannot proceed with the cause. It is without jurisdiction, and on appeal to this court there is no jurisdiction here. The question of jurisdiction can be raised at any time. It may be raised for the first time in this court. The court, of its own motion, will dismiss an appeal where it has no jurisdiction. The case of *Calhoun* v. *State, supra,* was necessarily overruled by *McPhail* v. *Blann, City of Greenwood* v. *Weaver,* and *Allen* v. *State, supra.*

The judgment of the court below is reversed, and the cause remanded, with directions to the circuit court to dismiss the appeal to that court, and award a writ of *procedendo* to the court of the police justice to enforce the judgment of his court, unless the appellant shall perfect the record of proceedings from such police court.

So ordered. *Reversed and remanded.*