INDIANOLA COMPRESS & STORAGE CO. ET AL *v.* SOUTHERN RY. CO. IN MISSISSIPPI.

[70 South. 703.]

1. APPEAL AND ERROR. *Questions. Reviewable. Questions raised in trial court. Jurisdiction. Estoppel.*

   Where a cause, is not one strictly of equity cognizance, but still under section 147 of our Constitution, it was within the power of the court below to hear and determine it. In such case the question of jurisdiction, in order to be availed of in the supreme court should have been distinctly raised and insisted on in the court below.

2. APPEAL AND ERROR. *Jurisdiction. Estoppel.*

   Where defendants in the chancery court not only did not insist on an objection to the jurisdiction of the court, but by filing cross-bill themselves submitted the whole matter in controversy to the court for adjudication, they were thereby on appeal estopped from questioning its power so to do.

APPEAL from the chancery court of Sunflower county.
HON. E. N. THOMAS, Chancellor.

Suit by the Southern Railway Company in Mississippi against the Indianola Compress & Storage Company and others. From a decree for complainant, defendant appeals.

This suit was begun by a bill of chancery by the appellee to enjoin the appellants from prosecuting suits

at law against appellee. The bill alleges that the Indianola Compress & Storage Company, which had been destroyed by fire nearly a year previously, had instituted a suit in the circuit court, in which it was claimed that the fire originated through the negligence of the appellee or its servants, and judgment was asked for the damages sustained. The bill alleged that there were a large number of insurance companies and a large number of individuals whose property had been destroyed in the fire, who were asserting claims against the complainant. It alleged that three of these individuals had instituted three separate suits at law against appellee upon the same grounds, and that the claims of all the defendants were based upon the same state of facts, and that the insurance policies covering the property destroyed in the fire contained clauses of subrogation in favor of the companies for whatever they might be compelled to pay because of the destruction of property covered by the policy. The bill alleged that it was claimed by the defendants that the complainant had constructed a spur track leading around the compress building, and had caused certain cars, occupied by employees, to be set out on said track, and allowed same to remain there for several days, and to be used as camp cars, in which a few workmen lived, and that, through the carelessness and negligence of these employees of the complainant, the fire had originated, which ignited dry grass and spread to the lot belonging to the compress company and ignited the cotton stored there, as a result of which the property was destroyed by fire. The bill alleged that the claim of the defendants that the fire originated through the negligence or fault of the complainant is not true, but that the fire originated some distance from the cars of the complainant, and not through its fault, or that of its servants, but on property not belonging to it, and through sources over which it had no control. The bill alleges that, aside from the suits filed by four of the defendants, other defendants were threatening suit, and

that the insurance companies were instigating the other defendants in bringing suits against complainant. The bill alleged that the claims were based on the same state of facts and the same principles of law applied, and that complainant had a valid defense to all of them, and that if all these actions at law were separately tried it would be harassed by a multiplicity of suits and subjected to the greatest annoyance and expense, all of which could be obviated by the trial of a single suit in chancery. The bill prayed for an injunction against these defendants, who had already begun suit, and that the other defendants be restrained from instituting suits against it.

The defendants answered, admitting the filing of suits by certain of them, and denying that any suits had been brought at the instigation of the insurance companies. They admitted that the complainant's spur track ran near the compress, and charged that the fire was started by the negligence of a cook in the service of the company throwing coals of fire upon the right of way, which ignited the dry grass and spread the flame to the compress. The answer denied that the complainant would be harassed or subject to hardship. The answer was made a cross-bill, which prayed for the amount of damages claimed to have been sustained, and the amounts which the insurance companies had been compelled to pay, and prayed for a decree against the complainant for the amount thereof for the negligent destruction of the property. The case was heard on the pleadings and evidence, and resulted in a decree in favor of the complainants, and the defendants appeal.

On appeal one assignment of error questions the jurisdiction of the chancery court.

*McLaurin & Arminstead, Harris Dickson and Gwin & Mounger,* for appellant.

*Catchings & Catchings,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Assuming for the sake of argument that this cause is not strictly one of equity cognizance, still, under section 147 of our Constitution, it was within the power of the court below to hear and determine it, as pointed out in *Hawkins, Trustee, v. Scottish Union & National Insurance Co.*, 69 So. 710. This being true, the question of jurisdiction, in order to be availed of here, should have been distinctly raised and insisted upon in the court below.

Conceding, for the sake of the argument, that the allegation in the answer that the "defendants deny that the complainant herein will be subject to great wrong and hardship, or be harassed beyond the legal procedure necessary to establish and collect the fair and proper demands of defendants," was intended as an objection to the jurisdiction of the court, the objection was not only not insisted upon, but by filing cross-bills appellants themselves submitted the whole matter here in controversy to the court for adjudication; consequently, they are now estopped from questioning its power so to do.

On the merits, it will be sufficient to say the decree of the court below was rendered upon conflicting evidence, and therefore is not open to review here.

*Affirmed.*