BRASHAM *et al. v.* STATE.*

(Division B.   Dec. 14, 1925.)

[106 So. 280.  No. 24364.]

1. CRIMINAL LAW. *In state of record, presumed certification of record was not established in circuit court on appeal from justice.*
   On appeal from circuit court in case originating in justice court, it must be assumed that certification of the record of the justice

claimed to have been made but lost was not established, and that therefore the circuit court did not have jurisdiction; there being no judgment of the circuit court showing such establishment, though evidence was introduced for such purpose.

2. CRIMINAL LAW.   *Jurisdiction may be questioned on appeal for first time.*

Jurisdiction of trial court may be questioned for first time on appeal.

---

*Headnotes 1. Criminal Law, 17 C. J., Section 3552 (Anno); 2. Criminal Law, 17 C. J., Section 3334.

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

Hardy Brasham and another were convicted, on appeal from justice court, of possession of liquor, and appeal. Reversed and remanded.

*Geo. T.* and *Chas. S. Mitchell,* for appellants.

The justice of the peace from whose judgment the appeal to the circuit court was taken, failed to certify his record to the circuit court. Therefore, the circuit court was without jurisdiction to try the case, and, it necessarily follows that this court is without jurisdiction. *Rodgers* v. *City of Hattiesburg,* 55 So. 481; *Ruff* v. *Montgomery,* 36 So. 465, 83 Miss. 184; *Ball* v. *Sledge,* 35 So. 214, 82 Miss. 747; *Gardner* v. *R. R. Co.,* 29 So. 469, 78 Miss. 640; *McPhail* v. *Blann,* 47 So. 666, 95 Miss. 53; *City of Greenwood* v. *Weaver,* 50 So. 981, 96 Miss. 604; *Allen* v. *State,* 53 So. 498, 98 Miss. 192; *Xydias* v. *Pellman,* 83 So. 620, 121 Miss. 400.   See especially—*Cawthon* v. *State,* 57 So. 224, 100 Miss. 834.

After counsel for appellants raised the above point relative to the failure of the justice of the peace to send up a certificate of the record of the case in his court,

counsel for the state then alleged that a certificate of the record was sent up but had either been lost or destroyed.

The district-attorney filed a petition in the circuit court asking that the certificate of record be re-established and setting up as a reason therefor that same was sent up by the justice of the peace, and had either been lost or destroyed; and, further alleging that same was among the papers when the case was tried in the circuit court.

As far as the record is concerned, and, as a matter of fact, no order was ever made on this petition and none appears on the minutes or any record of the circuit court. We would especially call the court's attention to the failure of the state on this petition to sustain the allegations set forth in the petition. In fact, the proof falls far short in sustaining the allegation that the certificate was among the papers when the case proceeded to trial in the circuit court.

The district-attorney at no place in his testimony states that he ever saw, the certificate of record in this case. In fact, he does not even state that he saw the papers in this particular case before it came on for trial in the circuit court. So, the weight of his testimony as constituting proof of any fact amounts to nothing.

The burden of proof in this matter was upon the state. The state set up facts and asked for affirmative relief. The answer of defendant denied the facts. Therefore, the burden was upon the state to prove three things; first, that there was a former certificate of record; second, that this certificate of record was sent up to the circuit court and there filed; and lastly, that the matters and things set forth in the substituted certificate are a true copy of those contained in the alleged lost or destroyed certificate.

We feel confident in stating that the evidence adduced upon the hearing of this cause wholly fails to even tend

to establish the existence of a correct certificate of record at any time, and wholly fails to establish that it was ever filed with the circuit clerk, or was ever before the circuit clerk.

The fact that no order was made on this petition is glaring and apparent. The record is as "silent as the tomb" as to any order ever being made, relative to the re-establishment of this alleged lost record.

Sometime after the adjournment of the November Term, 1924, counsel for the state detected this fact, and, at the March Term, 1925, filed their motion requesting the court to enter an order "*nunc pro tunc*," ordering this certificate of record to be re-established and engrossed upon the minutes and sent to the supreme court.

Counsel for the state proceeded upon the idea that an order was made at the November Term, 1924, to this effect and that the clerk omitted to enter same upon his minutes. It is true that the minutes show no order was ever made, and, it may have been possible, if this was all, that the clerk did omit to enter an order made in the matter by the court. But, what does the record show? What does the transcript, supposed to contain all the proceedings in a case, show? Both the record and the transcript are absolutely barren of any order whatever being made on this proceeding. The transcript contains everything else that we usually find in one, but as to any order ever being made on the petition filed by the district attorney at the November Term, 1924, it is absolutely silent.

Now we recognize the fact that where an order was made at a previous term of court, and the clerk omitted to enter same upon the minutes, that the court has the power to enter an order "*nunc pro tunc*" in order to show what proceedings were really had. But, on the other hand, when it is inescapable, as in this case, that no previous order was ever made, the court cannot, and has no power to enter an order "*nunc pro tunc*" and attempt

through such an order to show what ought to have been done, or what should have been done, but which, as a matter of fact, was not done. A *"nunc pro tunc"* order is only available to establish what was done at a former term, not what should have been done, or ought to have been done. See 29 Cyc.—Orders—1516B; 20 R. C. L. —Orders of Court, 513, section 2; *Gray* v. *Thomas,* 12 S. & M. 111; *McRaney* v. *Coulter,* 39 Miss. 390; *Nichols* v. *Walton,* 90 So. 157.

We respectfully submit that the case is in the same attitude as it was when it was first appealed. Therefore, since there was not and is not, as far as this record is concerned, a certificate of record of the proceedings had in the court of the justice of the peace, the circuit court below was without jurisdiction and, therefore, the supreme court is without jurisdiction, and this case should be reversed and remanded.

*E. C. Sharp* and *J. L. Byrd,* assistant attorneys-general, for the state.

When this case first reached this court it was discovered that there was no certificate of the justice of the peace as to the appeal in the cause, but on motion made for that purpose, time was given within which to perfect the record, and accordingly, on the 26th day of March, 1925, an order was entered in the circuit court of Lee county establishing the certificate of record of the justice of the peace, and the same has been certified to this court. In addition to that is found: (1) affidavit made in the justice of the peace court; (2) the warrant issuer by the justice of the peace; (3) judgment of the justice of the peace; and (4) the appeal bond from the justice of the peace court. Nowhere in the record, from the beginning of the case to the final verdict, is any mention

made of the failure of the justice of the peace to certify to his record, and no motion was made before the verdict to dismiss the cause for want of jurisdiction. In this court the point is raised that the certificate's not having been filed rendered the judgment null and void, because the circuit court did not have jurisdiction until the certificate was filed. Our answer to that is first, that since the point has been raised, the certificate has been substituted or re-established by order of the circuit court of Lee county and the same appears in the record at this time; second, under the authority of *Calhoun* v. *State,* 86 Miss. 553, 38 So. 660, the appellant cannot now raise that point.

In the instant case we have defendant with the full knowledge of the defect in the appeal which was his appeal, sitting silently by and saying nothing about it, but preferring to take his chances of acquittal before the jury. Now having lost on that turn of the wheel, he wants this court to reverse it and give him another chance at the wheel of fortune, merely because he failed to do what the law required him to do; and that was to perfect his record on appeal. But we think that if there was any lack of jurisdiction shown by the original record, that has been cured by the establishment of the certificate of the justice of the peace, as shown by documents now on file in the cause.

The only question before this court is whether or not the record was re-established. If it was, then the inquiry as far as this court is concerned is at an end, because there was no appeal from the order of the circuit court re-establishing the record, and we submit that that is necessary before the same can be attacked in this case.


HOLDEN, P. J., delivered the opinion of the court.


Hardy Brasham and W. F. Price appeal from a conviction on a charge of having intoxicating liquors in

their possession. The prosecution of the case started in a justice of the peace court where appellants were convicted, from which they appealed to the circuit court, and there they were again convicted and sentenced to pay a fine of three hundred dollars and serve a jail sentence.

The main point urged for reversal is that the justice of the peace failed to certify his record to the circuit court; and, since the circuit court was without jurisdiction to try the case because the record was not certified to it from the justice of the peace court, the judgment must be reversed by this court.

It seems to be conceded by the attorney-general that the justice of the peace did fail to certify his record to the circuit court, but it is contended for the state that the certificate of the justice of the peace had been made, but that it was lost, and did not reach the circuit clerk, but that the circuit court proceeded to establish the lost certificate by oral proof, and did establish its existence in that manner, and therefore the circuit court had jurisdiction to try the case. It is also urged that the appellant should have raised this point in the lower court instead of waiting to present it here for the first time.

We must disagree with the attorney-general as to the establishment of the lost certificate in the lower court. The record shows that some proof was introduced in this direction, but we find no adjudication of any kind showing that the lost certificate had been established. We doubt very much whether there was sufficient evidence upon which to predicate a finding of the establishment of the lost certificate. At all events, there is no judgment showing this fact, and therefore we must assume that the certification of the record of the justice of the peace was not established; consequently, the circuit court had no jurisdiction to try the case. It seems that no request was made in the circuit court for a dismissal of the appeal with writ of *procedendo* when the

appellants failed to perfect the record of appeal from the justice of the peace court to the circuit court.

The question of jurisdiction may be raised at any time, as has often been decided by this court. *Rodgers* v. *City of Hattiesburg,* 99 Miss. 639, 55 So. 481; *Ruff* v. *Montgomery,* 83 Miss. 184, 35 So. 465; *Ball* v. *Sledge,* 82 Miss. 747, 35 So. 214; *Gardner* v. *R. R. Co.,* 78 Miss. 640, 29 So. 469; *McPhail* v. *Blaun,* 95 Miss. 53, 48 So. 725; *McPhail* v. *Blaun* (Miss.), 47 So. 666; *City of Greenwood* v. *Weaver,* 96 Miss. 604, 50 So. 981; *Allen* v. *State,* 98 Miss. 192, 53 So. 498; *Xydias* v. *Pellman,* 121 Miss. 400, 83 So. 620; *Cawthon* v. *State,* 100 Miss. 834, 57 So. 224.

The judgment of the lower court is reversed and the case remanded for further proceedings in the circuit court.

*Reversed and remanded.*