GALLOWAY *v.* STATE.*

(Division A.   Dec. 13, 1926.)

[110 So. 665.   No. 25697½.]

1. CRIMINAL LAW.   *Absence of transcript of proceedings in justice court on appeal to circuit court may be first raised on further appeal.*

Point that on appeal from justice to circuit court there was no transcript of record of proceedings in justice court may be raised for first time on appeal from circuit court.

2. CRIMINAL LAW.   *Mere certificate that defendant was convicted not sufficient transcript of record, to give jurisdiction on appeal from justice to circuit court.*

Circuit court on appeal from justice was without jurisdiction, there being no transcript of record of proceedings in justice court, but merely a certificate that defendant was convicted.

*Corpus Juris-Cyc. References: Criminal Law, 16 C. J., p. 373, n. 8; 17 C. J., p. 53, n. 88 New; p. 67, n. 27.

APPEAL from circuit court of Clay county.

HON. J. I. STURDIVANT, Judge.

George Galloway was, on appeal from justice court, convicted of the unlawful sale of liquor, and he appeals. Reversed and remanded.

*Loving & Loving* and *J. H. Ford,* for appellant.

Appellant was tried before a justice of the peace and appealed to the circuit court from what purported to be a conviction there on an affidavit charging him with selling intoxicating liquor, and a sentence to serve ninety days in jail and pay a fine of three hundred fifty dollars and costs.

On appeal from the justice of the peace court, there was sent up the affidavit, the warrant for appellant's arrest, the appeal bond, and another paper reading as follows:

"*State of Mississippi* v. *George Galloway.*

"I hereby certify that the foregoing pages represent all the proceedings had before me in the above cause and that the defendant was found guilty of the unlawful sale of intoxicating liquors and fined three hundred and fifty dollars and sentenced to ninety days in jail. This June 23, 1925.

"Q. D. VAIL, J. P."

These four papers constituted the entire record sent up by the justice of the peace to the circuit court. Neither a transcript of the record nor a transcript of the judgment of the justice of the peace was sent up or filed in the circuit court.

From the foregoing statement it is apparent that the circuit court had no jurisdiction of the cause.

(1)  The justice of the peace before whom the case was originally tried did not transmit to the circuit court a certified copy of his record of the case. Section 89, Code of 1906 (section 71, Hemingway's Code); section 84, Code of 1906 (section 64, Hemingway's Code); *Ruff* v. *Montgomery,* 83 Miss. 184, 35 So. 465; *Ball* v. *Sledge,* 82 Miss. 747, 35 So. 214; *Gardner* v. *Railroad Co.,* 78 Miss. 640, 29 So. 469; *McPhail* v. *Bland,* 47 So. 666; *City of Greenwood* v. *Weaver,* 96 Miss. 604, 50 So. 981; *Allen* v. *State,* 98 Miss. 102, 53 So. 498; *Cawthon* v. *State,* 100 Miss. 834, 57 So. 224; *Rodgers* v. *City of Hattiesburg,* 99 Miss.

639, 55 So. 481; *Xydias* v. *Pellman,* 121 Miss. 400, 83 So. 620; *Calvert* v. *State,* 108 So. 735.

(2)   The justice of the peace before whom the cause was originally tried did not file with the circuit court a copy of the justice of the peace docket entries and judgment, or a transcript of the judgment rendered by the justice of the peace.   Same Code section as above; *Brasham* v. *State,* 106 So. 280; *Salers* v. *State,* 107 So. 375; *Simpson Co.* v. *Pineview General Hospital,* 107 So. 563; *Young* v. *State,* 105 So. 461; *Houghston* v. *State,* 59 Miss. 372.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

Counsel argues that, under the provisions of sections 64 and 71, Hemingway's Code (sections 84 and 89, Code of 1906) and the authorities construing said sections of the Code, this court has no jurisdiction and that the cause should be reversed and remanded.

Cases are numerous to the effect that where a justice of the peace has failed to certify his record, as required by the provisions of the Code, the circuit court is without jurisdiction to try the case or to render judgment thereon.   And in *Rogers* v. *City of Hattiesburg,* this court held that this defect is one which could not be cured or waived and could be raised in the supreme court for the first time.

In none of the cases cited, however, do we find a transscript of the proceedings which has been certified to by the justice of the peace, as in the case at bar.   It is true that there has not been a strict compliance with the provisions of the statute, but I submit that in this case the justice of the peace has made a substantial compliance with the statute and this is all that is necessary to confer jurisdiction on the circuit court.   *Xydias* v. *Pelman,* 121 Miss. 400, 83 So. 20; *Borders* v. *State,* 138 Miss. 788, 104 So. 145.

The fundamentals of jurisdiction are present in this case and the circuit court had jurisdiction at the time of the trial of the defendant. It is true that the statute is not strictly complied with, but surely the court cannot say that there is not a substantial compliance.

*J. H. Ford,* in reply, for appellant.

*Borders* v. *State,* 138 Miss. 788, 104 So. 145, cited by opposing counsel is no answer to my original brief. With the certificate of the justice of the peace in that case was sent up the affidavit, "the judgment of the court convicting her," and her appeal bond. This court there said, "The fundamentals of jurisdiction of the circuit court were the affidavit charging the offense, *the judgment of the court, and appeal bond."*

The judgment of the court certified up in this case only a hearsay statement of the justice of the peace as to what his judgment was. The thing the law requires is *the judgment of the court,* or a certified copy thereof, and not merely a statement of what he thinks the judgment shows.

McGOWEN, J., delivered the opinion of the court.

Appellant, George Galloway, defendant in the court below, was convicted in the circuit court of Clay county of the unlawful sale of intoxicating liquor, the case having originated in the court of Q. D. Vail, a justice of the peace.

The main ground relied on for reversal here is that there was no transcript of the record of the proceedings and judgment of the justice of the peace in the circuit court at the time of the trial nor during the term of that court. An examination of the record shows that there was filed with the circuit clerk by said justice of the peace an affidavit charging the unlawful sale, the warrant signed

by the justice of the peace, and an appeal bond signed before the justice of the peace, reciting that George Galloway was convicted of the unlawful sale of intoxicating liquor by Vail, the justice of the peace, on June 23, 1924. Then there appears this kind of certificate:

"*State of Mississippi* v. *George Galloway.*

"I hereby certify that the foregoing pages represent all proceedings had before me in the above cause, and that the defendant was found guilty of the unlawful sale of intoxicating liquors and fined three hundred fifty dollars and sentenced to ninety days in jail.

"Q. D. VAIL, J. P.

"This June 23, 1925.
"Filed June 23, 1925.

"A. H. Fox, Circuit Clerk."

It will be observed that no part of the transcript of the docket of the justice of the peace was filed, and it is suggested by the attorney-general that perhaps the conviction by the circuit court may be sustained, because the justice of the peace certified that the defendant was "found guilty and fined and sentenced to jail."

In addition to the above, we find in the record a certificate filed in this court on October 4, 1926, to an unsigned judgment of conviction from Vail's docket, which does not appear ever to have been in the circuit court, and, according to the clerk's certificate, no judgment was ever signed by the justice of the peace. However, we are of the opinion that this certificate of the circuit clerk has no place in the record here, and we mention it only as illustrating the necessity for a little caution on the part of the officials of the circuit court in the matter of dealing with appeals from a justice of the peace court.

If these records were examined by the prosecuting officers and the presiding judge of the court, and the proper proceedings had immediately, the defendant would, we think, promptly see to it that the record was there duly certified, in order that the circuit court might hear

this appeal. We realize that the circuit court is a very busy tribunal, but in the light of the many opinions rendered by this court on this identical question, this time taken would relieve the docket here of many appeals which depend upon this one ground for reversal. In the case of *Salers* v. *State* (Miss.), 107 So. 375, Judge ETHRIDGE said on this point:

"(1) We have decided in a number of cases, beginning with *Hughston* v. *Cornish*, 59 Miss. 372, that the transcript of the record required to be filed by section 89, Code of 1906 (section 71, Hemingway's Code), was a copy of the justice of the peace docket entries and judgment. It was held in *Ball* v. *Sledge*, 82 Miss. 747, 35 So. 214, that the circuit court had no jurisdiction of appeal taken from the justice of the peace court, unless the record shows that the judgment was rendered by the justice of the peace and an appeal bond executed. This was again held in the case of *Young* v. *State*, 140 Miss. 165, 105 So. 461."

We think that this court has so repeatedly held that this point may be raised in this court for the first time, and that the transcript of the proceedings, together with the judgment, is fundamental in order that the circuit court may have jurisdiction, and, without a judgment of the justice of the peace court having been rendered, there would, of course, be no cause pending on an effort to appeal to the circuit court. There being no transcript at all of the record of the proceedings from the justice of the peace docket and there being nothing save a certificate that the defendant was convicted, the circuit court was without jurisdiction, and this court was without jurisdiction, and the question of jurisdiction may be raised here or at any time. *Salers* v. *State* (Miss.), 107 So. 375; *Rodgers* v. *City of Hattiesburg*, 99 Miss. 639, 55 So. 481; *Ruff* v. *Montgomery*, 83 Miss. 184, 35 So. 465; *Ball* v. *Sledge*, 82 Miss. 747, 35 So. 214; *Gardner* v. *Railroad Co.*, 78 Miss. 640, 29 So. 469; *McPhail* v. *Blaun*, 95 Miss. 53, 48 So. 725; *McPhail* v. *Blann*, (Miss.), 47 So. 666; *City of*

*Greenwood* v. *Weaver,* 96 Miss. 604, 50 So. 981; *Allen* v. *State,* 98 Miss. 192, 53 So. 498; *Xydias* v. *Pellman,* 121 Miss. 400, 83 So. 620; *Cawthon* v. *State,* 100 Miss. 834, 57 So. 224; *Brasham* v. *State,* 140 Miss. 712, 106 So. 280; *Hughston* v. *Cornish,* 59 Miss. 372.

*Reversed and remanded.*