## Waits *v*. Black Bayou Drainage Dist.

(Division B.  Jan. 16, 1939.)

[185 So. 577.  No. 33557.]

Ernest Kellner, of Greenville, for appellant.

274

H. P. Farish and D. S. Strauss, both of Greenville, for appellee.

**Greek L. Rice,** Attorney General, and **W. W. Pierce,** both of Jackson, amicus curiae.

Argued orally by **Ernest Kellner** for appellant and by **H. P. Farish** and **D. S. Strauss** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee, the drainage district, filed its bill against appellant, Waits, a landowner in the district, to recover the drainage taxes assessed against his lands for the years 1931 to 1935, inclusive, and to enforce the lien given by the drainage statute for the payment of such taxes. The period involved covered the time the state had title to the land by virtue of a tax sale.

The district was organized in 1916 under Chapter 195, of the Laws of 1912, as amended by Chapter 269, of the

Laws of 1914, now Chapter 107, section 4371 et seq., of the Code of 1930. The land owned by Waits was in the district when it was organized and has remained therein up to the present time. It was sold to the state on April 6, 1931, for a non-payment of state, county, and drainage taxes for the year 1930. The title matured in the state and was patented to Waits on September 6, 1934. Out of the purchase price, the state paid to the district the drainage taxes for the year 1930. The question is whether when the state parted with the title, the land again became charged with the drainage taxes for the years the state had title. The chancellor held with the drainage district. From that decree, Waits appeals.

We pass that question and go to the contention that the chancery court was without jurisdiction. We are of the opinion that that position is well founded. This Court, therefore, is without authority to decide anything else. Preliminary, however, can the question of jurisdiction be raised on appeal for the first time? It was not raised in the court below, nor in this Court by employed counsel on either side. For the first time, it is raised here by the attorney general as amicus curiae. The question of jurisdiction may be raised at any time either by counsel or by the court of its own motion. City of Lumberton v. Frederick, 165 Miss. 456, 143 So. 488; State v. Woodruff, 170 Miss. 744, 150 So. 760; Brasham v. State, 140 Miss. 712, 106 So. 280; Rodgers v. City of Hattiesburg, 99 Miss. 639, 55 So. 481; Ruff v. Montgomery, 83 Miss. 184, 35 So. 465; Ball v. Sledge, 82 Miss. 747, 35 So. 214; Gardner v. R. R. Co., 78 Miss. 640, 29 So. 469; McPhail v. Blaun, 95 Miss. 53, 48 So. 725; City of Greenwood v. Weaver, 96 Miss. 604, 50 So. 981; Allen v. State, 98 Miss. 192, 53 So. 498; Cawthon v. State, 100 Miss. 834, 57 So. 224.

Section 147 of the Constitution has no application. It provides that no cause shall be reversed by the Supreme Court on the ground alone of a mistake in the trial court as to whether it is of law or equity jurisdiction. The

trouble here is that neither the chancery court nor the circuit court had jurisdiction of this cause, as we will undertake to demonstrate. In the case of Indianola Compress & Storage Co. v. Southern R. R. Co., 110 Miss. 602, 70 So. 703, Section 147 of the Constitution applied for it was not a question of jurisdiction, but a mistake in jurisdiction.

The word "taxes" in its broad sense includes special or local assessments on specific property benefited by such improvements. McLain v. Meletio, 166 Miss. 1, 147 So. 878; Swayne v. City of Hattiesburg, 147 Miss. 244, 111 So. 818, 56 A. L. R. 926; City of Pascagoula v. Valverde, 138 Miss. 399, 103 So. 198. Drainage taxes come within that definition.

The levy and collection of assessments for local improvements is a statutory proceeding, and the remedy provided therefor is exclusive. 25 R. C. L., page 172, Section 86. Sections 4448 to 4468, inclusive, Code of 1930, provide how drainage districts are created, how benefit assessments are ascertained, and imposes a lien on all lands in the district for the payment of the benefit taxes, and provides how such taxes shall be collected. Section 4469, Code of 1930, provides that the assessments shall be liens on the lands of the district from the time they are levied, and shall be entitled to preference over all other demands or liens (not meaning, of course, other taxes) until paid. Section 4470 provides that the board of supervisors of the county shall make an annual drainage tax levy at the same time the county levy is made, in an amount not exceeding the instalment assessments levied for that year, sufficient to meet the obligations of the district. Section 4471 provides that on failure of the board of supervisors to act in that respect, any landowner of the district may, by mandamus, compel compliance. Section 4472 requires the board of supervisors to provide copies of the assessments showing the names of the landowners in the district, the description of the lands, the total betterments assessed against each tract, the

amount of levies for the current year, which shall constitute the amount of taxes to be collected for that year by the tax collector, and provides that such a roll shall constitute the authority and be the guide for the collection of the taxes. Section 4488 provides in substance that all drainage taxes shall be payable at the same time state and county taxes are payable, and the tax collector shall place the same upon the tax receipts long with the state and county and other taxes, and shall collect all the taxes due on the land together, and shall not accept any sum less than the entire aggregate amount of all state, county, drainage, and other taxes, and, if the taxes, including the drainage taxes, are not paid when due, he shall sell the land for all the taxes, together with twenty-five percent damages thereon, at the time and in the manner provided for the sale of land for taxes due the state and county. Such sale is to be subject to the provisions of law for sale of land for state and county taxes, and the owner shall have the right to redeem from the sale as provided by law; and if no one bids the whole amount of taxes and costs, the land shall be struck off to the state in the same manner as provided for sales for state and county taxes; and if not redeemed, the land may be sold by the state land commissioner in the manner provided by law for the sale of tax lands, provided that in no event shall it be sold for an amount less than for which it was sold to the state. The statute further provides that in his monthly settlements with the state treasurer, the land commissioner shall specify the amount of the drainage taxes and damages thereon, and drainage taxes accrued subsequent to the sale for taxes shall be placed to the credit of the proper drainage district.

Section 4488 provides the exclusive remedy for the collection of drainage taxes. Robins v. Donovan Creek Drainage Dist. No. 2, 152 Miss. 872, 120 So. 184. In that case the Court said [page 187]: "The method thus provided for the assessment and collection of revenue to

pay and discharge the obligations of the district is complete, and, therefore, exclusive.''

Drainage assessments and taxes are charges against the land only. There is no personal liability on the part of the owner. Nickey et al. v. State ex rel., 167 Miss. 650, 145 So. 630, 146 So. 859, 147 So. 324. In that case the Court held that Section 3122 of the Code of 1930 making taxes a debt recoverable by action had no application to taxes of this character. The remedy is the same, however, in every respect for the collection of the two classes of taxes, except there is no personal liability for drainage taxes. Enochs v. State, 128 Miss. 361, 91 So. 20; State v. Piazza, 66 Miss. 426, 6 So. 316; Hattiesburg Grocery Co. v. Robertson, 126 Miss. 34, 88 So. 4, 25 A. L. R. 748, although not in point on their facts are applicable on principle. The Enochs Case involved the collection of an inheritance tax. The Court held that the remedy laid down by the statute for its collection was exclusive. In the Piazza Case the Court held that where the statute creates a tax and provides a remedy for its collection, such remedy is exclusive. The Robertson Case involved the ascertainment of an income for taxation. The Court held that the method provided by the statute for such purpose was exclusive.

We see no escape from the conclusion that neither the chancery nor the circuit courts have jurisdiction of causes of this character. That does not mean, however, that where the tax collector of the county fails or refuses to do his duty with reference to the collection of drainage taxes, he cannot be forced to do so by the proper proceeding, nor that the landowner is without a remedy where the tax collector proposes to make sale of lands for drainage taxes when they are not liable therefor in whole or in part. The same remedies are at hand that control the levy and collection of state and county taxes, except, as stated, there is no personal liability for drainage taxes.

Reversed and bill dismissed.