KITCHENS, Justice,
dissenting:
¶ 17. While the only proper venue may be Scott County, this decision cannot be made on the record before us, and I respectfully disagree with the analysis by which the majority opinion reaches this conclusion. In reversing the trial court and ordering a transfer of venue to the Scott County Circuit Court, my learned colleagues in the majority disregard the defendants’ petition for interlocutory appeal and the attached documents, finding that they are not part of the record. Moreover, I respectfully disagree with the majority’s interpretation of the law governing motions to transfer venue. Notwithstanding my disagreements with the analysis, this issue is premature without a determination of whether subject matter jurisdiction and venue are governed by the Mississippi Workers’ Compensation Act. Thus, I would remand the case for further *551 proceedings to consider these statutory provisions before applying the general venue statute, Section 11-11-3 of the Mississippi Code. Should it be necessary for the trial court to apply Section 11-11-13, the court should apply the current version of the statute in light of all the relevant facts and allegations, including the defendants’ contention that venue also may be proper in Hinds County. For these reasons, I respectfully dissent.

Jurisdiction and the Workers’ Compensation Act

¶ 18. “It is the first and one of the most important of all the duties of courts to see to it, before proceeding in any case, that the court has jurisdiction both of the subject matter and of the parties.” Broom v. Bd. of Supervisors of Jefferson Davis County, 171 Miss. 586, 158 So. 344, 345 (1934). Courts are not relieved of this duty if the parties fail to raise the issue; and like trial courts, we are bound by duty to decide a question of jurisdiction, even if we must raise the issue sua sponte. Common Cause of Miss. v. Smith, 548 So.2d 412, 414 (Miss.1989); Waits v. Black Bayou Drainage District, 186 Miss. 270, 185 So. 577, 578 (1939). This well-established, nondelegable duty is no different when a case is before us on interlocutory appeal and the parties have failed to raise any jurisdictional error. See Miss. Mun. Liability Plan v. Jordan, 863 So.2d 934, 941 (“While we normally limit our review to specific issues presented by the parties, that limitation is one of expedition and not jurisdiction.... Interlocutory appeals are no different.”)[27]
¶ 19. A challenge to subject matter jurisdiction may be facial or factual. Roman Catholic Diocese of Jackson v. Morrison, 905 So.2d 1213, 1220-22 (Miss.2005). A facial attack challenges the court’s jurisdiction as a matter of law, and the allegations in the complaint are taken as true. Id. at 1220-21. The court looks to the face of the complaint to ascertain the nature of the controversy and the relief sought. RAS Family Partners, LP v. Onnam Biloxi, LLC, 968 So.2d 926, 928 (Miss.2007). Whatever the particular language employed by the plaintiffs, the nature of the case is determined by the substance of the claim and not the form. Trustmark Nat’l Bank v. Johnson, 865 So.2d 1148, 1151 (Miss.2004). A factual attack, on the other hand, goes beyond the face of the complaint and requires resolution of a disputed fact, for example, when there is a question regarding diversity jurisdiction in federal court. Roman Catholic Diocese of Jackson v. Morrison, 905 So.2d 1213, 1221 n. 4 (Miss.2005); 28 U.S.C. § 1332. When there is a factual attack on jurisdiction, the plaintiff must prove jurisdiction by a preponderance of the evidence. Schmidt v. Catholic Diocese of Biloxi, 18 So.3d 814, 822 (Miss.2009). This case potentially could fall under either category; but that is a matter to be addressed on remand.
¶ 20. As noted in the majority opinion, the plaintiffs alleged in their complaint that they were fraudulently induced to settle their workers’ compensation claims, contending that Wilkerson knew, or should have known, that the settlement checks would be issued from an account that lacked sufficient funds. The plaintiffs prayed for actual damages in the amount *552 of the settlements, punitive damages, and general relief. From the documents attached to the plaintiffs’ petition for interlocutory appeal, we learn that the damages claimed by Pamela Goss were $15,200 more than the compromise settlement approved by the Commission and that this additional amount represented a settlement for a non-workers’ compensation claim. The nature of the claim underlying the settlement is unknown. The majority correctly notes that Pamela’s additional settlement would not be governed by our workers’ compensation statutes. Maj. Op. n. 4. Yet, this would not give a court jurisdiction over this entire case. The plaintiffs cannot manipulate jurisdiction by adding Pamela’s non-workers’ compensation claims to the complaint, and any claim related to this settlement is a separate matter. The complaint gave no indication that the settlement amounts were for anything other than workers’ compensation claims. This is but another issue that should be developed on remand.
¶21. Based on the allegations in the complaint and the limited record before us, the nature of the claim is far from clear. The plaintiffs alleged that they were fraudulently induced into settling, but the actual damages sought via the complaint do not exceed the settlement amounts. The complaint did not allege that the plaintiffs suffered any damages beyond the sum of the dishonored checks; thus there appears to be no basis for punitive damages. Accordingly, any and all issues regarding the workers’ compensation settlements would be governed by the provisions of the Workers’ Compensation Act.
¶ 22. Considering that the alleged compensatory damages do not exceed the amount of the award, the relief sought by the plaintiffs is susceptible to two interpretations. If the plaintiffs’ ultimate goal was to set aside the settlement, the Commission has the power to reopen a case under limited circumstances, for example, when compromise settlements are induced by fraud, as alleged here. Miss.Code Ann. § 71-3-53 (Rev.2004); Bailey Lumber Co. v. Mason, 401 So.2d 696 (Miss.1981); Dixon v. Green, 240 Miss. 204, 127 So.2d 662 (Miss.1961). The parties having submitted to the Commission’s jurisdiction, the Commission is the only body with the authority to set aside or otherwise disturb the award, as the Commission has continuing jurisdiction over compromise settlements. Miss.Code Ann. § 71-3-53.
¶ 23. On the other hand, it is reasonable to interpret the complaint as an attempt to enforce the settlement. If an employer defaults on a payment of workers’ compensation, Mississippi Code Section 71-3-49 provides a remedy by means of an entry of judgment in circuit court. In that ease, a circuit court would have limited jurisdiction, and Section 71-3^19 would control venue. That section requires that the interested party file a certified copy of the Commission’s order with the circuit clerk of the county “in which the injury occurred or in the county in which the employer has his principal place of business.” Id. The record reveals that the Gosses were injured in California; thus, Scott County, as the employer’s principal place of business, would be the only proper venue. Of course, to invoke this statute, the employer’s payment must be thirty days in default, and the record supports the defendants’ contention that the plaintiffs’ complaint was filed before thirty days had passed. This presents yet another issue to be considered on remand.
¶ 24. The majority says, in a footnote, that the Gosses’ claims are “clearly” excepted from the Workers’ Compensation Act because the complaint alleged tortious acts occurring after the workplace injury. Maj. Op. n. 4. Undoubtedly, this Court has *553 held that certain claims are not barred by the exclusivity of the available remedies under the Workers’ Compensation Act. Miller v. McRae’s, Inc., 444 So.2d 368, 372 (Miss.1984). However, the type of claims alleged in those cases cited by the majority are for intentional tortious conduct causing damages that are beyond the Commission’s power to award. For example, Mississippi Power & Light Co. v. Cook, 832 So.2d 474 (Miss.2002), and Southern Farm Bureau Casualty Insurance Co. v. Holland, 469 So.2d 65 (Miss.1984), involved claims for bad-faith refusal to pay legitimate claims. In both cases, the alleged refusals to pay either delayed the compromise settlements or induced the plaintiff to settle for less than his or her claim was worth. As a result, the plaintiffs incurred actual damages beyond the amount of the final workers’ compensation award, damages which the Commission did not have the authority to address. Cook, 832 So.2d 474 (action in tort permissible when injuries allegedly caused by insurer’s bad-faith handling of employee’s claim were not compensable under the Workers’ Compensation Act); Holland, 469 So.2d 55 (action in tort permissible when insurance company’s intentional and bad-faith refusal to pay allegedly forced employee to agree to inadequate settlement). Miller, 444 So.2d 368, involved a claim against the employer for false imprisonment, a tortious act for which the Commission could not grant relief. In McCain v. Northwestern National Insurance Company, 484 So.2d 1001, 1002 (Miss.1986), this Court held that an employee’s claim against his employer’s insurer for intentional and bad-faith breach of a settlement contract was sufficient to survive a motion to dismiss for failure to state a claim.
¶ 25. Lastly, in Peaster v. David New Drilling Co., Inc., 642 So.2d 344, 346 (Miss.1994), the employee filed an action seeking damages based on the employer’s alleged failure to repair brakes on tractors and trailers operated by employees. On appeal, this Court held that the claim was barred because the workplace injury was a direct result of the alleged conduct, and because the employer’s actions were, at most, grossly negligent and not intentional. Id. at 346. As in Peaster, the defendants in the present case also argued before the trial court that the conduct alleged in the complaint was merely negligent and not the result of an intentional act.
¶ 26. In sum, the Workers’ Compensation Act does not bar an employee from pursuing a common law remedy for an injury caused by an intentional act that occurred after the workplace injury and when the Commission lacks the authority to remedy the alleged wrong. Cook, 832 So.2d at 479 (citing Peaster, 642 So.2d 344 at 348). While the Gosses alleged intentional, tortious conduct, ie., fraudulent inducement, the particular language used to describe the defendants’ conduct is not determinative. The nature of the case is determined by the substance of the claim and not the form. Trustmark, 865 So.2d at 1151. Because the complaint does not assert that any injury was caused by the defendants’ alleged tortious conduct, I cannot agree with the majority’s conclusion that the plaintiffs clearly allege an independent tort that is excepted from the exclusivity of the Workers’ Compensation Act. The true nature of the plaintiffs’ claim is uncertain, and the trial court should address the defendants’ jurisdictional arguments and determine whether the Workers’ Compensation Act is the only avenue for relief.

Venue under Section 11-11-3

1127. To be clear, I fully agree that, as a question of law, venue is not proper in a county simply because that county is where the plaintiffs received certain docu *554 ments related to a fraudulently induced agreement or because the plaintiffs learned that they had been defrauded while they were, present in that county. See e.g., Laurel Ford Lincohv-Mercury, Inc. v. Blakeney, 81 So.3d 1123 .(Miss. 2012). However, I simply cannot speculate on the application of our general venue statute without any certainty regarding the nature of the injury and the relief sought. The plaintiffs’ choice of venue may be disregarded “in the end,” but we are not yet there. Flight Line, Inc. v. Tanksley, 608 So.2d 1149, 1155-56 (Miss. 1992).
¶ 28. Finding that the plaintiffs’ claims are sufficiently clear to determine that the general venue statute applies, the majority provides two alternate analyses for its disposition: (1) that the plaintiffs neither pled nor proved facts to support their choice of venue; or (2) assuming those facts were pled and/or proved, they do not support Smith County as a proper venue under Section 11-11-13. Regarding the first line of reasoning, I disagree with the majority’s finding that the chancellor abused his discretion by basing his findings of fact on unpled allegations that were not supported by “cognizable, credible evidence.” A non-moving plaintiff is under no obligation to provide “cognizable, credible evidence” for its choice of venue to defend against a pretrial motion when the defense has provided this evidence, and the only matter before the trial court is the application of a statute. When this Court has applied the concept of “cognizable evidence” to venue transfers, it is in cases involving motions to transfer for cause. For example, certain evidentiary burdens are placed on defendants moving to transfer venue for prejudice or for fraudulent joinder of another defendant. See Miss.Code Ann. § 11 — 11— 15 (procedure for motions to transfer venue because of prejudice or undue influence that would impair movant’s right to a fair and impartial trial); Park on Lakeland Drive, Inc. v. Spence, 941 So.2d 203, 206-08 (Miss.2006) (transfer of venue based on fraudulent joinder of defendant warranted when plaintiff failed to assert a reasonable claim of liability against resident defendant).
¶ 29. Curiously, the majority states that the record does not contain “evidence that would support the chancery court’s finding that the Gosses received the checks . in Smith County.” Maj. Op. 9. My review of the record indicates otherwise. Attached to the defendants’ petition for interlocutory appeal are briefs and exhibits from the parties to the trial court. These documents are specifically referenced in .the trial court’s order denying transfer. In these documents, the parties allege and offer proof of various matters, but most importantly, the defendants affirmatively state that they mailed the settlement checks and release documents to the plaintiffs’ attorney in Smith County. In fact, the defendants themselves provided the trial court a copy of the cover letter showing that the documents were mailed to the city of Raleigh in Smith County, Mississippi. The plaintiffs’ submitting the same documents would have served no purpose.
¶ 30. As for where the checks were dishonored, the defendants’ petition for interlocutory appeal acknowledged the plaintiffs’ argument at the hearing that the checks were presented to a bank in Smith County. The hearing was not transcribed, but there is no reason to question that the argument was made. In addition, the defendants’ brief to the trial court stated that the plaintiffs “appeared at a Regions Bank to cash [the checks] and were informed at the time that Phenix’s account had non-sufficient funds.” While the parties seemingly dispute the location of the particular branch bank to which the checks were *555 presented, it cannot be said that this allegation does not appear in the record.
¶ 81. The majority finds that anything not “filed in the trial court” that was submitted to this Court with the defendants’ petition for interlocutory appeal cannot be considered part of the record and cannot be considered. Maj. Op. n. 14 (quoting M.R.A.P. 10(a)). However, Rule 10(a) is not a limitation on the contents of the record; rather, it merely sets forth required contents. As recognized by Rule 10 and the comment, not all papers relevant to an issue on appeal are filed with the trial court. For example, Rule 10(b)(8) lists “matters excluded absent designation,” and the comment states, “[bjecause counsel customarily do not file trial court briefs with the clerk, briefs are not included in the (b)(3) list. Briefs do not normally belong in a record on appeal, unless necessary to show that an issue was presented to the trial court.” In this case, briefs and supporting exhibits were given to the trial judge, and these documents were filed with this Court as attachments to the defendants’ petition for interlocutory appeal. It seems unreasonable to consider these documents for purposes of granting the petition for interlocutory appeal, yet ignore their existence when deciding the merits of the issue before us.
¶ 32. The majority opinion faults the chancellor for finding facts based on arguments that were not transcribed and on documents that did not pass through the court clerk. This position conflicts with the well-established rule that “[i]t must be presumed that the rulings of the trial court were correct, and such presumption will prevail, unless the actual record supports the contrary view.” Shelton v. Kindred, 279 So.2d 642, 644 (Miss.1973). Moreover, the defendants have the duty to ensure “that the record contain[s] all data essential to an understanding and presentation of matters relied upon for reversal on appeal.” Pratt v. Sessums, 989 So.2d 308, 309-10 (Miss.2008) (quoting Shelton, 279 So.2d at 644). Long ago we applied this rule to a venue dispute on appeal:
If any default attaches to the failure of the record herein to set forth the evidence on which the change of venue was granted, it must be attributed to the appellant, for the appellee was not concerned therewith, as he, of course, is satisfied with the order entered thereon. Moreover, the evidence not appearing in the record, we must assume that it supports the allegations of the petition.
Humphreys County v. Cashin, 128 Miss. 236, 90 So. 888, 891 (Miss.1922).
¶ 33. As for the majority’s second line of reasoning, the majority notes that the plaintiffs did not specify where they received the settlement checks and where the checks were dishonored. The majority cites Medical Assurance Company of Mississippi v. Myers, 956 So.2d 213, 218 (Miss.2007); but I read that case to say that venue could not be established on acts, omissions, or events not alleged in the complaint, not that a complaint must allege where such acts, omissions, or events took place. Id. (“Dr. Myers’s complaint does not allege that his decision not to give [the defendant’s] risk management team full access to his practice, including his practice in Holmes County, contributed to his claim. Thus, that fact — even if true — does not meet the ‘alleged’ portion of the test.”).
¶ 34. In the present case, the complaint alleged that the plaintiffs were fraudulently induced into settling a case when the defendants knew the settlement checks would be dishonored. Yet, the plaintiffs were not required to justify their choice of venue by affirmatively pleading where every alleged act, omission, or event occurred. See e.g., M.R.C.P. 8(a) (A com *556 plaint shall contain “(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled.”); M.R.C.P. App. A Forms 2-21 (providing suggested forms for complaints, none of which includes a specific averment for venue). See also Estate of Stevens v. Wetzel, 762 So.2d 293, 295 (Miss.2000) (noting that under Rule 8, “it is only necessary that the pleadings provide sufficient notice to the defendant of the claims and grounds upon which relief which is sought”) (citation omitted)). Indeed, before this Court adopted Rule 8 of the Mississippi Rules of Civil Procedure, which abolished various technical requirements of pleadings, we recognized that “[vjenue need not be stated in the body of the declaration.” Hayes Produce Co. v. Taylor, 213 Miss. 217, 219, 56 So.2d 503, 504 (1952) (citing Miss.Code § 1465 (1942)).
¶ 35. Rule 9(f) is the only rule of civil procedure requiring a complaint to allege a particular place, but this rule is limited to those cases where time and place are material to the sufficiency of a pleading. M.R.C.P. 9(f) (“For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter.”) For example, the location of the alleged harm is material in cases involving motions to sever multiple plaintiffs under Rule 20 of the Mississippi Rules of Civil Procedure. See Harold’s Auto Parts, Inc. v. Mangialardi, 889 So.2d 493, 495 (Miss.2004) (to defend a motion to sever in a mass-tort asbestos litigation, plaintiffs are required to provide “the name of the defendant or defendants against whom each plaintiff makes a claim, and the time period and location of exposure”). Place is also material when the cause of action is based on fraud, as fraud must be pled with particularity. M.R.C.P. 9(b); Allen v. Mac Tools, Inc., 671 So.2d 636, 642 (Miss.1996) (“The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated.”) (quoting Brabham v. Brabham, 483 So.2d 341, 342 (Miss.1986)). While this case involves allegations of fraud, the majority does not address, and the defendants have not argued that the complaint for fraudulent inducement failed to plead the alleged fraud with sufficient particularity.
¶ 36. Finally, the majority finds that Scott County is the only proper venue, ignoring the defendants’ concession that, because the settlements were approved by the Commission in Jackson, Hinds County, Mississippi, venue also would be proper in the First Judicial District of Hinds County. Rule 82 of the Mississippi Rules of Civil Procedure is simple and clear: “The plaintiff shall have the right to select the court to which the action shall be transferred in the event the action might properly have been filed in more than one court.” M.R.C.P. 82(d). Because the plaintiffs have a right to select among the permissible venues, Hedgepeth v. Johnson, 975 So.2d 235, 238 (Miss.2008), the plaintiffs should have the opportunity to opt for transfer to Hinds County, if it is found to be a permissible venue. As for evidentiary support in the record, we have the Commission’s orders approving the settlements signed by two commissioners, the Gosses’ attorney, and Phenix’s attorney, and duly attested by the secretary of the Workers’ Compensation Commission. Even if we did not have these orders, this Court can take judicial notice that the Worker’s Compensation Commission is located in Jackson, Mississippi, Hinds County, and that it was the Commission which approved the settlement, oversaw the proceedings leading up to the settlement, and to which the plaintiffs had submitted their *557 claims. See M.R.E. 201. On remand, the trial court should consider all appropriate venues, rather than defaulting to the defendants’ preferred choice.

Conclusion

¶ 37. “[A]ll courts must be constantly aware of questions of their jurisdiction to proceed and must be prepared to decide a question pertaining to jurisdiction at any time, even if the court must raise the issue on its own motion.” Dunaway v. Duna-way, 749 So.2d 1112, 1120 (Miss.Ct.App. 1999) (citing Waits, 185 So. at 578). Based on the record before us, it is questionable whether a court has subject matter jurisdiction over the plaintiffs’ claims; and even if jurisdiction is proper, the next question is whether venue is governed by the Workers’ Compensation Act, specifically Mississippi Code Section 71-3-49. Unless and until it is these questions are answered, application of the general venue statute, Section 11-11-3, is premature. For these reasons, I respectfully dissent and would remand the case with instructions to address these preliminary issues before considering the current general venue statute’s application to this cause of action.
KING, J., JOINS THIS OPINION.

. Nevertheless, it is worth noting that the defendants raised the jurisdictional question in the same pleading which sought a transfer of venue. The notice of hearing filed by the defendants announced that the hearing would address their motion to dismiss. The hearing was not transcribed, and the order did not address any of the defendants' arguments for dismissing the case. For reasons unknown, the trial court limited its ruling to the motion to transfer venue.